**William B. JONES, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 73A01–0911–CR–532.**

Court of Appeals of Indiana.

June 17, 2010.

---

Michael J. Kyle, Franklin, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Michael Gene Worden, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

William B. Jones appeals his conviction of Resisting Law Enforcement and his adjudication as a Habitual Offender. We affirm.

### Issue

Jones raises the issue of whether the trial court erred in concluding that a gaming agent of the Indiana Gaming Commission constitutes a "law enforcement officer" for purposes of the offense of Resisting Law Enforcement.

### Facts and Procedural History

Jones was in an altercation at the Indiana Live Casino in Shelbyville, Indiana. Bradley Onkst, a gaming agent of the Indiana Gaming Commission, approached Jones, identified himself as a police officer, showed Jones his badge and identification, and asked Jones about the altercation. Jones yelled, "Get the f___ away from me." Transcript at 34. Onkst asked Jones to calm down and to lower his voice. When Jones continued to yell and curse, Onkst warned him that he could be subject to arrest for disorderly conduct. Onkst "told him one last time said [sic] he needed to lower his voice." *Id.* at 38. Jones responded that he "didn't give a f___ who [Onkst] was [Jones] wasn't doing anything [Onkst] said." *Id.* Onkst then advised Jones that he was being placed under arrest.

Jones jerked away. A scuffle ensued, with both men moving to the casino's main entrance. With one hand in the handcuffs, Jones continued to resist and fight. Once fully handcuffed, Jones bumped into other patrons and jerked away from Onkst. Jones' resistance continued.

Ultimately, a jury found Jones guilty of Resisting Law Enforcement and Disorderly Conduct.[1] He was also adjudicated to be a Habitual Offender.

Jones now appeals.

### Discussion and Decision

#### I. Statutory Construction

Jones argues that a gaming agent of the Indiana Gaming Commission does not constitute a "law enforcement officer" for purposes of the offense of Resisting Law Enforcement. We review de novo questions of statutory interpretation. *Klotz v. Hoyt,* 900 N.E.2d 1, 5 (Ind.2009). The paramount concern in construing a statute is to give effect to the legislature's intent. *State v. Manuwal,* 904 N.E.2d 657, 658 (Ind.2009). "We presume the legislature

---

1. Jones does not challenge his conviction of Disorderly Conduct.

intended the language used in the statute to be applied logically, consistent with the statute's underlying policy and goals, and not in a manner that would bring about an unjust or absurd result." *Cooper Indus., LLC v. City of S. Bend,* 899 N.E.2d 1274, 1283 (Ind.2009). "[W]hen faced with a general statute and a specific statute on the same subject, the more specific one should be applied." *State Farm Ins. v. Freeman,* 847 N.E.2d 1047, 1049 (Ind.Ct. App.2006) (quoting *Ross v. State,* 729 N.E.2d 113, 116 (Ind.2000), superseded by statute on other grounds). Statutes relating to the same subject matter are in *pari materia* (on the same subject) and should be construed together so as to produce a harmonious statutory scheme. *Klotz,* 900 N.E.2d at 5.

## II. Analysis

We note that the General Assembly has enacted at least four statutes relevant to the instant matter. Two statutes define "law enforcement officer" for purposes of criminal law in general:

> A person who knowingly and forcibly resists a "law enforcement officer" while the officer is engaged in the execution of the officer's duties commits Resisting Law Enforcement. "For purposes of this section, a law enforcement officer *includes* an enforcement officer of the alcohol and tobacco commission and a conservation officer of the department of natural resources."

Ind.Code § 35-44-3-3(a), (c) (emphasis added). A "law enforcement officer" means:

(1) a police officer (including a correctional police officer), sheriff, constable, marshal, prosecuting attorney, special prosecuting attorney, special deputy prosecuting attorney, the securities commissioner, or the inspector general;

(2) a deputy of any of those persons;

(3) an investigator for a prosecuting attorney or for the inspector general;

(4) a conservation officer;

(5) an enforcement officer of the alcohol and tobacco commission; or

(6) an enforcement officer of the securities division of the office of the secretary of state.

Ind.Code § 35-41-1-17(a).

More specifically, for purposes of riverboat gambling, a "law enforcement agency" means any of the following:

(1) The gaming agents of the Indiana gaming commission.

(2) The state police department.

(3) The conservation officers of the department of natural resources.

(4) The state excise police of the alcohol and tobacco commission.

(5) The gaming control officers of the Indiana gaming commission.

(6) The enforcement department of the securities division of the office of the secretary of state.

Ind.Code § 4-33-2-11.6. The powers and duties of gaming agents in the enforcement of Indiana Code Article 4-33 (riverboat gambling) are as follows:

(a) A gaming agent is vested with full police powers and duties to enforce this article.

(b) A gaming agent may issue a summons for an infraction or a misdemeanor violation . . .

(c) In addition to the powers and duties vested under subsection (a), a gaming agent may act as an officer for the arrest of offenders who violate the laws of Indiana if the gaming agent reasonably believes that a crime has been, is being, or is about

to be committed or attempted in the gaming agent's presence.

Ind.Code § 4–33–4.5–1.

While Indiana Code Title 35 constitutes the general provisions of criminal law, Indiana Code Article 4–33 is specific to enforcement of the law on a small number of significantly regulated gambling sites. The plain language of Indiana Code Article 4–33 states unambiguously the General Assembly's intent that gaming agents exercise full police power, including the power to arrest suspected offenders. It would be absurd to expect gaming agents to do so without the deterrence provided by the Resisting Law Enforcement statute.

The trial court did not err in concluding that a gaming agent of the Indiana Gaming Commission constitutes a law enforcement officer for purposes of the offense of Resisting Law Enforcement.

Affirmed.

MAY, J., and BARNES, J., concur.