## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
08/22/2017, 10:54 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Kerry L. Thompson
Houston, Thompson & Lewis, PC
Scottsburg, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

State of Indiana,

*Appellant-Plaintiff,*

v.

Codee Lamaster,

*Appellee-Defendant.*

August 22, 2017

Court of Appeals Case No.
72A01-1702-CR-227

Appeal from the Scott Circuit Court.
The Honorable Roger L. Duvall,
Senior Judge.
Trial Court Cause No.
72C01-1402-FC-9

**Barteau, Senior Judge**

## Statement of the Case

[1]     Codee Lamaster's plea agreement provided for potential sentence modification by the trial court without objection by the State upon Lamaster's successful completion of the Purposeful Incarceration Program while serving his executed

sentence in the Indiana Department of Correction. Lamaster was terminated from the program, but, nonetheless, requested sentence modification, which the trial court granted. The State argues that the trial court's modification of Lamaster's sentence violated the terms of the fixed plea agreement and was not otherwise authorized by statute. We reverse and remand.

## Issue

We restate the issues presented as the following one: Whether the trial court's order modifying Lamaster's sentence was in violation of the terms of the plea agreement or merely a modification of the place of service of Lamaster's sentence, a modification which was not foreclosed by the terms of the plea agreement and which was authorized by statute.

## Facts and Procedural History

Lamaster faced four felony counts for criminal activity committed in February 2014 under the lower cause number. On January 19, 2016, Lamaster and the State entered into a plea agreement which provided that in exchange for Lamaster's guilty plea to two counts of Class C felony forgery,[1] the State would dismiss two other charges under the same cause number and charges pending against him in other cases.

---

[1] Ind. Code § 35-43-5-2 (2006).

[4]     The specific terms of the plea agreement relevant to this appeal provide as follows:

> 4. In exchange for this Plea, the State of Indiana and the Defendant shall recommend the following, and the parties agree that, if accepted by the Court, the Court shall be bound by the terms and conditions contained herein:
>
> a. On Count I in 72C01-1402-FC-9
>
> A sentence of SIX (6) YEARS to the Indiana Department of Corrections,[sic] TWO (2) YEARS of said sentence to be suspended, FOUR (4) YEARS of said sentence to be executed in the Indiana Department of Corrections,[sic] with credit for 70 days actual with "good time" credit as of January 24, 2016. TWO (2) YEARS of said sentence to be served on supervised probation.
>
> b. On Count II in 72C01-1402-FC-9
>
> A sentence of SIX (6) YEARS to the Indiana Department of Corrections,[sic] TWO (2) YEARS of said sentence to be suspended, FOUR (4) YEARS of said sentence to be executed in the Indiana Department of Corrections,[sic] with credit for 70 days actual with "good time" credit as of January 24, 2016. TWO (2) YEARS of said sentence to be served on supervised probation.
>
> c. With respect to both Counts I and II:
>
> - Counts to run CONCURRENTLY.
>
> - State agrees that the Court may recommend the defendant for PURPOSEFUL INCARCERATION through the Indiana Department of Corrections,[sic] and upon successful completion of that program, Defendant may petition the Court for modification of his sentence, and the Court may consider and grant the same. The State agrees not to object to modification if the program is completed without any conduct violations on the part of the Defendant. Further the State agrees to recommend that the Defendant serve no more than TWO (2) YEARS on

probation after his release from incarceration, although any executed sentence that is modified by the Court may be converted to suspended time and may exceed two (2) years.

- The State agrees that, should the Defendant complete Purposeful Incarceration, and upon successful completion of probation without any revocations, conviction in this matter may be reduced to the lesser-included offense of CONVERSION as a Class A Misdemeanor.

Appellant's App. Vol. II, pp. 57-58.

[5] On January 25, 2016, the trial court accepted the guilty plea, entered judgment of conviction, and sentenced Lamaster according to the terms of the plea agreement, including recommendation of expedited placement in the program.

[6] In October 2016, Lamaster was warned with termination from the program for incidents involving his behavior and was referred back to orientation.

[7] On December 14, 2016, Lamaster filed a petition to modify his sentence and for immediate release, alleging that he had successfully completed the program, and was entitled to total credit time of 394 actual days. *Id.* at 81-83. On December 16, 2016, the State filed an objection to Lamaster's immediate release, alleging that after contacting Westville Correctional Facility, it had learned that Lamaster had not completed the program as required by the terms of the plea agreement. *Id.* at 85-87. The trial court requested a progress report from the Department of Correction and set the matter for a hearing.

[8] On December 21, 2016, Lamaster tested positive for methamphetamine, received a conduct report for possession of a controlled substance and was

terminated from the program due to failure to comply with the minimum standard of conduct required for participation. At the hearing on his petition, Lamaster admitted that he was terminated from the program after testing positive for methamphetamine.

[9] After reviewing the report and hearing evidence, including Lamaster's admission to being terminated from the program, the trial court found that Lamaster had not successfully completed the program. However, the trial court concluded that it retained the authority to modify Lamaster's sentence, ordering Lamaster to serve 590 days–the balance of the executed sentence–through community corrections, finding that his support system justified placement in community corrections instead of the Department of Correction. This appeal ensued.

## Discussion and Decision

[10] The question here is whether the trial court could modify Lamaster's sentence despite Lamaster's violation of the terms of the plea agreement or under the authority of Indiana Code section 35-38-1-17(e) (2016). We conclude that neither option supports the trial court's order.

[11] A plea agreement is contractual in nature, binding the defendant, the state, and the trial court. *Pannarale v. State*, 638 N.E.2d 1247, 1248 (Ind. 1994). Once a trial court accepts the plea agreement, the court is bound by its terms. Ind. Code § 35-35-3-3(3) (1987). Where a plea agreement recommending a specific

sentence has been accepted by the trial court, the trial court loses the discretion it might otherwise exercise in sentencing. *Pannarale*, 638 N.E.2d at 1248.

[12] Here, the State recognized in the plea agreement that the trial court could recommend placement in the program, and the State agreed that if Lamaster successfully completed the program without any conduct violations, it would not object if Lamaster sought a sentence modification. As Lamaster admitted and the trial court found, Lamaster did not successfully complete the program. Therefore, the trial court's order is not supported by the terms of the plea agreement.

[13] Instead, the trial court relied on Indiana Code section 35-38-1-17(e). Appellate courts review a trial court's decision to modify a sentence only for an abuse of discretion. *Gardiner v. State*, 928 N.E.2d 194, 196 (Ind. 2010). Issues of statutory interpretation are reviewed de novo because they present pure questions of law. *Id.*

[14] As a general rule, courts must sentence a convicted person under the statute in effect at the time the person committed the offense. *Moore v. State*, 30 N.E.3d 1241, 1246 (Ind. Ct. App. 2015). However, in the context of sentence modification, the date on which the petition was filed is the critical date. *Id.* at 1248.

[15] The applicable statute provides in pertinent part as follows to a person who commits an offense or is sentenced prior to July 1, 2014:

At any time after:

(1) a convicted person begins serving the person's sentence; and

(2) the court obtains a report from the department of correction concerning the convicted person's conduct while imprisoned;

the court may reduce or suspend the sentence and impose a sentence that the court was authorized to impose at the time of sentencing. The court must incorporate its reasons in the record.

[16] The trial court partially complied with the directives of the statute by first obtaining a report from the department of correction and stating its reasons for the modification on the record—consent by the State was not required. However, modification under the statute is inappropriate because the trial court was not authorized to reduce or suspend the sentence for the purpose of imposing a sentence the court was *authorized to impose at the time of sentencing*.

[17] At the time of sentencing, the trial court was authorized to impose the sentence provided for in the plea agreement. The plea agreement called for concurrent, executed sentences of four years in the Department of Correction with credit for seventy actual days and good time credit as of January 24, 2016. Placement on probation or a community corrections program is a matter of grace and a conditional liberty that is a favor, not a right. *Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999). Lamaster explicitly agreed to executed sentences in the Department of Correction and to the conditions he needed to fulfill to be eligible for sentence modification. The trial court's order is not supported by the clear language of the statute or the terms of the plea agreement accepted and imposed by the trial court.

# Conclusion

[18]   In light of the foregoing, we reverse the trial court's order on sentencing modification and remand with instructions to deny Lamaster's petition.

[19]   Reversed and remanded.


Bailey, J., and Mathias, J., concur.