

FILED

Oct 19 2017, 7:40 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Jason J. Pattison
Jenner, Pattison, Sutter &
Wynn, LLP
Madison, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

State of Indiana,

*Appellant-Respondent,*

v.

Pebble Stafford,

*Appellee-Petitioner*

October 19, 2017

Court of Appeals Case No.
39A04-1705-CR-930

Appeal from the Jefferson Circuit
Court

The Honorable W. Gregory Coy,
Special Judge

Trial Court Cause No.
39C01-1307-FB-696

**Baker, Judge.**

[1] In 2013, Pebble Stafford pleaded guilty to three charges, including Class B felony dealing in a controlled substance. Her plea agreement purported to waive her right to seek later modification of her sentence. After the General Assembly amended the sentence modification statute in 2014, Stafford petitioned the trial court for a sentence modification. The trial court granted that motion, and the State now appeals. We affirm and remand with instructions.

## Facts

[2] On July 18, 2013, the State charged Stafford with Class B felony dealing in a controlled substance. Stafford was also facing two unrelated charges in two other separate cause numbers.

[3] On June 10, 2014, Stafford entered into a plea agreement resolving all three cases. She agreed to plead guilty to Class B felony dealing in a controlled substance, Class B misdemeanor possession of substance to interfere with a screening test, and Class C felony battery. The agreement provided that she would receive consecutive sentences of six years in the Department of Correction (DOC) with none suspended for the Class B felony; thirty days in the Jefferson County Jail with none suspended for the Class B misdemeanor; and four years in the DOC with none suspended, with direct placement to community corrections for the Class C felony battery.

[4] On January 30, 2017, Stafford filed a petition to modify her Class B felony sentence; the State objected to the petition. Following a hearing, the trial court

granted Stafford's petition on April 12, 2017. In relevant part, the trial court found and held as follows:

2. The plea agreement was silent as to the right of the defendant to seek a modification; nor did it preclude her from doing so.

3. The Defendant has completed a therapeutic community [program] for which she was given credit toward her sentence . . . .

4. After completion of the CLIFF program the Defendant served as a mentor in the program.

5. The Defendant also obtained a GED, completed a course in Problem Solving, and took courses in building trades.

6. The Defendant's plan upon release is to go to the Ruth Haven halfway house, obtain a full time job, remain clean, and continue her education at IVY Tech as a part time student.

\*\*\*

10. This court finds that there is no purpose in requiring the Defendant to remain in the DOC until her current release date of August, 2019; she has completed multiple programs while at DOC and no further programs or treatment are available there which will avail the Defendant of any further opportunity to improve herself or her situation at DOC and has been rehabilitated to the extent the DOC is able to do so.

11.   The Defendant can seek to become employed and
      educated if released from imprisonment.

12.   The Court finds that the remainder of the Defendant's
      sentence should be suspended to probation with
      monitoring by the community corrections department.

***

IT IS THEREFORE ORDERED:

1.   The Defendant shall be released from imprisonment
     immediately.

2.   The Defendant shall make an appointment with
     Community Corrections as soon as possible; the court
     recommends the least restrictive monitoring with random
     drug screens at the discretion of Community Corrections.

3.   Defendant shall be on supervised probation for a period of
     three (3) years; after successful completion of one (1) year
     probation she may [petition] for unsupervised probation.

Appellant's App. Vol. II p. 118-19.  The State now appeals.

# Discussion and Decision

The State argues that the trial court erred by granting Stafford's motion to
modify her sentence and suspending the remainder of her sentence to
probation.  There are no disputed issues of fact involved in this appeal; instead,

we are faced with pure issues of law, to which we apply a de novo standard of review. *E.g.*, *Austin v. State*, 997 N.E.2d 1027, 1040 (Ind. 2013).

[6]     A plea agreement is contractual in nature, binding upon the defendant, the State, and the trial court. *St. Clair v. State*, 901 N.E.2d 490, 492 (Ind. 2009). Once a trial court accepts a plea agreement, it is bound by the terms of that agreement. Ind. Code § 35-35-3-3(e).

[7]     For many years, it was well established that a trial court had no authority to later modify a fixed plea sentence unless the plea agreement reserved to the court the right to engage in such a modification. *E.g.*, *Pannarale v. State*, 638 N.E.2d 1247, 1248 (Ind. 1994). In 2014, however, the General Assembly amended the statute regarding sentence modification, adding the following new provision:

> A person may not waive the right to sentence modification under this section as part of a plea agreement. Any purported waiver of the right to sentence modification under this section in a plea agreement is invalid and unenforceable as against public policy. This subsection does not prohibit the finding of a waiver of the right to sentence modification for any other reason, including failure to comply with the provisions of this section.

Ind. Code 35-38-1-17(l).[1] This statute has explicit retroactive application to offenders who were convicted and sentenced before July 2014. I.C. § 35-38-1-

---

[1] When first enacted, this section was codified as subsection -17(i); it is now codified as subsection -17(l) but is otherwise identical to the earliest version.

17(a). The General Assembly also loosened other rules regarding sentence modification with these amendments, including the elimination of all time periods related to when a non-violent offender could seek a sentence modification and the express authorization of sentence modification without the consent of the prosecutor. I.C. § 35-38-1-17.

[8] It is apparent that, by relaxing the rules regarding sentence modification, our General Assembly was guided by Article I, Section 18, of the Indiana Constitution, which provides that "[t]he penal code shall be founded on the principles of reformation, and not of vindictive justice." In keeping with this philosophy is the legislature's recognition of the public policy against a purported waiver in a plea agreement of a defendant's ability to seek sentence modification.

[9] The State focuses on the following section of the statute:

> (e) At any time after:
>
> (1) a convicted person begins serving the person's sentence; and
>
> (2) the court obtains a report from the department of correction concerning the convicted person's conduct while imprisoned;
>
> the court may reduce or suspend the sentence and impose a sentence *that the court was authorized to impose at the time of sentencing*. The court must incorporate its reasons in the record.

I.C. § 35-38-1-17(e) (emphasis added). According to the State, this provision means that a trial court may not modify a sentence following a fixed sentence plea agreement if the right to modify was not included in the agreement:

> [I]n a case involving a fixed-sentence plea, the only sentence that the court "was authorized to impose at the time of sentencing" is the precise sentence provided for in the plea agreement. Thus, by the plain language of the modification statute, a court does not have any authority to modify where it had no discretion at the time of the original imposition of sentence. . . . If a trial court had no authority to impose a particular sentencing term when it originally imposed sentence, then it has no authority to impose that term through a subsequent modification.

Appellant's Br. p. 12 (internal citations omitted). And the State further argues that subsection -17(l) does not provide the trial court with sentence modification authority:

> [Subsection -17(l)] further provides that "[t]his subsection does not prohibit the finding of a waiver of the right to sentence modification for any other reason." Thus, this subsection is only speaking to waiver provisions within a plea agreement that would remove the authority to modify that a court would otherwise possess under the terms of the agreement. It does not speak to any other way in which the right to seek a modification could otherwise be waived, such as by entering into an agreement to receive a specific sentence. . . . If the General Assembly had intended to . . . allow modifications of fixed-sentence pleas, it would have said so directly. Instead, the legislature included language allowing trial courts to find the right to seek a modification waived "for any other reason," which would include the reason that the defendant bargained for and agreed that she would serve this specific sentence.

*Id.* at 13-14.

[10] We cannot agree with the State's tortured interpretation of the plain statutory language. First, as to what sentence the trial court is "authorized" to impose at the time of sentencing, that authorization is bound not only by the language of the plea agreement but also by the law. And the General Assembly has quite clearly stated that, as of July 2014, "[a] person may not waive the right to sentence modification under this section as part of a plea agreement." I.C. § 35-38-1-17(l). Therefore, following the enactment of these statutory amendments, the legislature has declared that trial courts are *not authorized* to impose a sentence that purports to waive the defendant's right to a later modification.

[11] Second, while the State insists that subsection -17(l) does not allow modifications of fixed sentence plea agreements, we disagree. The General Assembly could easily have carved out an explicit exception for fixed sentence plea agreements, but it did not do so. Instead, it plainly stated that a person may not waive the right to sentence modification as part of a plea agreement— any plea agreement—and went a step further, cautioning that any such purported waiver is invalid, unenforceable, and against public policy. *Id.*

[12] We acknowledge the State's frustration that the import of this statute may mean that "the State often will not be able to receive the benefit of its bargain in a plea agreement, which will drastically undermine the ability of the system to resolve cases through such agreements." Appellee's Br. p. 12. But the statute says what it says, and we are bound to interpret and apply statutes in a way that

fulfills the legislature's intent. Unless and until the General Assembly clarifies the statute at issue, it clearly and unambiguously states that offenders "may not waive the right to sentence modification . . . as part of a plea agreement." I.C. § 35-38-1-17(e).

[13] In this case, the trial court explicitly found that Stafford has completed many programs while incarcerated, has a solid plan in place for her reentry into society, and has been rehabilitated to the extent it is possible to do so during her incarceration. Under these circumstances, the trial court did not err by granting Stafford's motion to modify in this case.

[14] The State also argues that even if the trial court had authority to modify Stafford's sentence, the modified sentence that it imposed was illegal. The six-year sentence that she originally received under the plea agreement for the Class B felony dealing conviction was a minimum non-suspendible sentence under the sentencing law in effect at that time. Ind. Code §§ 35-50-2-5 (2013) (sentencing range for Class B felony was six to twenty years), -2(b)(1) (minimum sentence for a crime was mandatory non-suspendible when the person was convicted of a Class A or Class B felony and had a prior felony conviction). Here, Stafford was convicted of a Class B felony and has a prior felony conviction, so the minimum six-year sentence was non-suspendible.

[15] The State is correct that none of Stafford's six-year sentence may be suspended to probation. Stafford points out, however, that a defendant may be eligible for a direct placement in community corrections when she is serving a non-

suspendible sentence. Ind. Code ch. 35-38-2.6. The State insists that the plea agreement explicitly provided that she would serve her six-year term at the DOC, but as noted above, the trial court is authorized pursuant to Indiana Code section 35-38-1-17 to modify her sentence; such modification may include the manner in which the defendant's term is to be served. Consequently, we remand this matter to the trial court to revise Stafford's sentence with instructions to omit any suspension of the six-year term to probation and to determine whether a direct placement to community corrections would be appropriate in this case.

[16] The judgment of the trial court is affirmed and remanded with instructions.

Bailey, J., and Altice, J., concur.