FILED

Jan 11 2018, 7:37 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Jessica R. Merino
Merino Law Firm, PC
Goshen, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Ellen H. Meilaender
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Alberto Baiza Rodriguez, *Appellant-Petitioner,* | January 11, 2018 |
| | Court of Appeals Case No. 20A03-1704-CR-724 |
| v. | Appeal from the Elkhart Superior Court |
| State of Indiana, *Appellee-Respondent* | The Honorable David C. Bonfiglio, Judge |
| | Trial Court Cause No. 20D06-1503-F6-264 |

**Crone, Judge.**

## Case Summary

[1] Alberto Baiza Rodriguez appeals the trial court's denial of his motion to modify his sentence, which was imposed pursuant to a written plea agreement containing a fixed sentence of seventy-two months executed on work release.

Rodriguez argues that modification of his sentence is permissible under Indiana Code Section 35-38-1-17(l), which provides that a person may not waive the right to sentence modification as part of a plea agreement. We agree and therefore reverse and remand for further proceedings.

## Facts and Procedural History

[2] Based on an incident that occurred on March 11, 2015, the State charged Rodriguez with class A misdemeanor operating while intoxicated ("OWI"), level 6 felony OWI with a prior conviction, class C misdemeanor operating a vehicle with an alcohol concentration equivalent of .08 or more, and with being a habitual vehicular substance offender ("HVSO").

[3] On January 6, 2016, pursuant to a written plea agreement, Rodriguez agreed to plead guilty to the OWI charges and the HVSO allegation. The plea agreement specified that Rodriguez would serve thirty months for the OWI convictions and an additional forty-two months for the HVSO adjudication in the Department of Correction, all to be executed on Elkhart County Work Release. The agreement further provided that the State would agree to dismiss the class C misdemeanor charge and not to file additional charges arising out of the incident. The trial court accepted the plea agreement and sentenced Rodriguez according to its terms. Rodriguez began serving his sentence on January 20, 2016.

[4] On January 12, 2017, Rodriguez filed a motion to modify his sentence, alleging that his work release placement had caused an undue hardship on his son and

father and that Indiana Code Section 35-38-1-17(e) permitted the trial court to modify his remaining sentence from work release to home detention. Section 35-38-1-17(e) states,

> At any time after:
>
> (1) a convicted person begins serving the person's sentence; and
>
> (2) the court obtains a report from the department of correction concerning the convicted person's conduct while imprisoned;
>
> the court may reduce or suspend the sentence and impose a sentence that the court was authorized to impose at the time of sentencing. The court must incorporate its reasons in the record.

Rodriguez asked the trial court to order a report from Elkhart County Work Release and set the matter for hearing.

[5] The trial court held a hearing on Rodriguez's motion and acknowledged that his "report from the Work Release [was] very, very good, very outstanding." Tr. Vol. 2 at 7. The court took the matter under advisement and issued an order concluding that it did "not have the authority to modify the sentence because the court accepted the parties' plea agreement which requires the defendant to serve the sentence in Work Release."[1] The court referenced

---

[1] A handwritten notation on the plea agreement states, "Agreed all time in work release no discretion to change." Appellant's Ap. at 13. Unlike other handwritten notations on the document, this one is not initialed by Rodriguez as an indication that he understood it. The sentencing order states that Rodriguez is to be placed "in ECCC [Elkhart County Community Corrections] WORK RELEASE ONLY" and that "ECCC has NO discretion to change" his placement. Id. at 17. The transcript of the guilty plea hearing is not in the record before us, so there is no indisputable evidence that Rodriguez agreed either verbally or in

Indiana Code Section 35-35-3-3(e), which states, "If the court accepts a plea agreement, it shall be bound by its terms." The court also quoted Indiana Code Section 35-38-1-17(l), which states,

> A person may not waive the right to sentence modification under this section as part of a plea agreement. Any purported waiver of the right to sentence modification under this section in a plea agreement is invalid and unenforceable as against public policy. *This subsection does not prohibit the finding of a waiver of the right to sentence modification for any other reason*, including failure to comply with the provisions of this section[, which limit the number of times a person may file a petition for sentence modification without the consent of the prosecuting attorney].

(Emphasis altered.) The court concluded that the italicized phrase "applies to the specific terms of a plea agreement that the court has accepted[,]" and thus "entering into a binding plea agreement waives the right to seek or receive a modification of sentence."

[6] Rodriguez now appeals. Additional facts will be provided as necessary.

## Discussion and Decision

[7] Rodriguez contends that the trial court erred in denying his motion to modify his sentence. We review such rulings for an abuse of discretion. *Carr v. State*, 33 N.E.3d 358, 358 (Ind. Ct. App. 2015), *trans. denied*. "The trial court abuses

---

writing that his placement could not be changed, and the sentencing order does not prohibit the trial court from changing his placement.

its discretion by ruling in a way clearly against the logic and effect of the facts and circumstances before it, or by misinterpreting the law." *Perryman v. State*, 80 N.E.3d 234, 241 (Ind. Ct. App. 2017). To the extent that our analysis hinges on interpreting statutes, we note that "statutory interpretation is a question of law and determinations in that regard are subject to de novo appellate review." *Higgins v. State*, 855 N.E.2d 338, 341 (Ind. Ct. App. 2006). "When construing a statute our primary goal is to ascertain the legislature's intent. To discern that intent, we look first to the statutory language itself and give effect to the plain and ordinary meaning of statutory terms." *Suggs v. State*, 51 N.E.3d 1190, 1193 (Ind. 2016) (citation omitted). "Statutes relating to the same subject matter are in *pari materia* (on the same subject) and should be construed together so as to produce a harmonious statutory scheme." *Jones v. State*, 928 N.E.2d 285, 287 (Ind. Ct. App. 2010). "'As a general rule, there is a presumption that the Legislature in enacting a particular piece of legislation has in mind existing statutes covering the same subject.'" *Simmons v. State*, 773 N.E.2d 823, 826 (Ind. Ct. App. 2002) (quoting *Citizens Action Coalition of Ind. v. Pub. Serv. Comm'n of Ind.*, 425 N.E.2d 178, 184 (Ind. Ct. App. 1981)), *trans. denied*. "[W]e will not read into the statute that which is not the expressed intent of the legislature. As such, it is just as important to recognize what the statute does not say as it is to recognize what it does say." *N.D.F. v. State*, 775 N.E.2d 1085, 1088 (Ind. 2002) (citation omitted).

[8] It is hornbook law that a plea agreement is contractual in nature, binding both the defendant and the State. *E.g.*, *St. Clair v. State*, 901 N.E.2d 490, 492 (Ind.

2009). "Bargaining between the State and a pleading defendant will have produced for court consideration an agreement that either specifies a precise penalty or leaves some or all of the specifics to the judgment of the trial court." *Id*. at 493. "[I]t is up to the trial court to accept or reject the plea agreement as filed." *Badger v. State*, 637 N.E.2d 800, 802 (Ind. 1994). As noted above, once a trial court accepts a plea agreement, it is bound by its terms. Ind. Code § 35-35-3-3(e).

[9] In years past, the legislature placed significant limitations on a trial court's authority to modify a sentence imposed after a trial. A trial court could reduce or suspend a defendant's sentence within the first three hundred sixty-five days (commonly known as "shock probation"), but after that point most reductions or suspensions were subject to approval of the prosecuting attorney. *See* Ind. Code § 35-38-1-17 (formerly 35-38-1-23) (historical statutes). With respect to plea agreements containing a fixed sentence, our supreme court held as follows:

> Once it has accepted a plea agreement recommending a specific sentence, … the terms of the agreement constrain the discretion the court would otherwise employ in sentencing. Even after a sentence has been imposed pursuant to a plea agreement containing a recommendation of a specific term of years, that sentence may not be altered upon subsequent motion, such as under Ind. Code § 35-38-1-23 for "shock probation," unless the agreement contained a specific reservation of such authority for the trial judge. [*State ex rel. Goldsmith v. Marion Cty. Super. Ct.*, 275 Ind. 545, 551-52, 419 N.E.2d 109, 114 (1981)].
>
> *Goldsmith* and its progeny each uphold the principle that a deal is a deal. Once it has accepted a plea agreement, the sentencing

court possesses only that degree of discretion provided in the plea agreement with regard to imposing an initial sentence or altering it later.

*Pannarale v. State*, 638 N.E.2d 1247, 1248 (Ind. 1994).[2]

[10] Since 2014, however, the legislature has gradually relaxed the restrictions on sentence modification, allowing trial courts to reduce or suspend sentences for nonviolent offenders "[a]t any time" without prosecutorial approval in certain circumstances. Ind. Code § 35-38-1-17(e), -(j).[3] The legislature also added what is now Section 35-38-1-17(l), which, as mentioned above, provides that "[a] person may not waive the right to sentence modification under this section as part of a plea agreement" and that "[a]ny purported waiver of the right to sentence modification under this section in a plea agreement is invalid and unenforceable as against public policy." Section 35-38-1-17(l) also provides that it "does not prohibit the finding of a waiver of the right to sentence modification for any other reason, including failure to comply with the provisions" of the statute.

---

[2] *See also Robinett v. State*, 798 N.E.2d 537, 539-40 (Ind. Ct. App. 2003) (denying motion to modify fixed sentence imposed pursuant to plea agreement based on *Pannarale*), *trans. denied* (2004). The trial court in this case cited both *Pannarale* and *Robinett* in its order denying Rodriguez's motion to modify.

[3] Section 35-38-1-17(j) provides that a nonviolent offender "may file a petition for sentence modification … (1) not more than one (1) time in any three hundred sixty-five (365) day period; and (2) a maximum of two (2) times during any consecutive period of incarceration; without the consent of the prosecuting attorney." Section 35-38-1-17(k) provides that a violent offender may file one petition for sentence modification without the consent of the prosecuting attorney within three hundred sixty-five days from the date of sentencing; thereafter, the offender "may not file a petition for sentence modification without the consent of the prosecuting attorney."

[11] In this case, Rodriguez's plea agreement contained a specific reservation of authority for the trial court to modify his sentence, but only in the event that he was incarcerated, which he was not. *See* Appellant's App. Vol. 2 at 14 ("In the event [Rodriguez] is incarcerated, he specifically reserves the right to request a modification of sentence; however, the State is not bound to consent to jurisdiction therefore [sic.]."). The trial court essentially concluded that by entering into a plea agreement with a fixed sentence to be served on work release, Rodriguez waived the right to modification of that sentence. But that is precisely what Section 35-38-1-17(l) prohibits in no uncertain terms as a violation of public policy; it does not distinguish between implicit or explicit waivers, and we may not read such a distinction into the statute. *N.D.F.*, 775 N.E.2d at 1088.

[12] The State argues,

> In plea bargains, the State is often agreeing to dismiss other (often, more serious) charges or to forego filing additional charges in exchange for the certainty of a definite sentence or definite limits on sentencing options that ensure the defendant will receive no less than a certain sentence. If that fixed sentence can be modified at any time, or if the negotiated limits on sentencing discretion can be ignored at any time, then the agreement is purely illusory, and the State is not receiving the benefit for which it bargained. The State will be unwilling to enter into plea agreements if they will not be enforced.

Appellee's Br. at 12. We acknowledge the State's concern, but as another panel of this Court stated in response to a similar argument in a recent case,

the statute says what it says, and we are bound to interpret and apply statutes in a way that fulfills the legislature's intent. Unless and until the General Assembly clarifies the statute at issue, it clearly and unambiguous states that offenders "may not waive the right to sentence modification … as part of a plea agreement."

*State v. Stafford*, 86 N.E.3d 190, 193 (Ind. Ct. App. 2017) (quoting Ind. Code § 35-38-1-17(l)), *trans. granted*.[4]

[13]   The State also points to Section 35-35-3-3(e), which provides that a trial court "shall be bound" by the terms of a plea agreement that it accepts, and argues that if the legislature "had intended to change this law and allow modifications of fixed-sentence pleas, it would have said so directly." Appellee's Br. at 13-14. We think that the legislature said so directly in Section 35-38-1-17(l). The State also mentions Section 35-38-1-17(e), which states that a court "may reduce or suspend [a] sentence and impose a sentence that the court was authorized to impose at the time of sentencing"; the State contends that "in a case involving a fixed-sentence plea, the only sentence that the court 'was authorized to impose at the time of sentencing' is the precise sentence provided for in the plea

---

[4] The *Stafford* court also stated,

> It is apparent that, by relaxing the rules regarding sentence modification, our General Assembly was guided by Article I, Section 18, of the Indiana Constitution, which provides that "[t]he penal code shall be founded on the principles of reformation, and not of vindictive justice." In keeping with this philosophy is the legislature's recognition of the public policy against a purported waiver in a plea agreement of a defendant's ability to seek sentence modification.

86 N.E.3d at 192. Our supreme court granted the State's petition to transfer on December 19, 2017, and has not yet issued an opinion.

agreement." Appellee's Br. at 11. As the *Stafford* court said, "[w]e cannot agree with the State's tortured interpretation of the plain statutory language." 86 N.E.3d at 193.

> [A]s to what sentence the trial court is "authorized" to impose at the time of sentencing, that authorization is bound not only by the language of the plea agreement but also by the law. And the General Assembly has quite clearly stated that, as of July 2014, "[a] person may not waive the right to sentence modification under this section as part of a plea agreement." I.C. § 35-38-1-17(l). Therefore, following the enactment of these statutory amendments, the legislature has declared that trial courts are *not authorized* to impose a sentence that purports to waive the defendant's right to a later modification.

*Id*.

[14] Based on the foregoing, we believe that Sections 35-35-3-3(e), 35-38-1-17(e), and 35-38-1-17(l) may be harmonized to preserve a defendant's right to modification of a fixed sentence imposed under a plea agreement. We respectfully disagree with the dissent's interpretation of these statutes, which would effectively render Section 35-38-1-17(l) a nullity. If the legislature disagrees with our interpretation of Section 35-38-1-17(l), then it may clarify the statute accordingly. We hold that modification of Rodriguez's sentence is

permissible under Section 35-38-1-17(l), and therefore we reverse and remand for further proceedings consistent with this opinion.[5]

[15]     Reversed and remanded.


Mathias, J., concurs.

Rucker, S.J., dissents with opinion.

---

[5] After this appeal was fully briefed, the State submitted a notice of additional authority citing *State v. Lamaster*, 84 N.E.3d 630 (Ind. Ct. App. 2017), *trans. not sought*. In that case, another panel of this Court relied in part on Section 35-38-1-17(e) in holding that the trial court erred in granting Lamaster's petition to modify his fixed sentence imposed under a plea agreement. We find *Lamaster* unpersuasive, however, because it does not even mention Section 35-38-1-17(l).

ATTORNEY FOR APPELLANT

Jessica R. Merino
Merino Law Firm, PC
Goshen, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Ellen H. Meilaender
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Alberto Baiza Rodriguez, | January 11, 2018 |
| *Appellant-Petitioner,* | Court of Appeals Case No. 20A03-1704-CR-724 |
| v. | Appeal from the Elkhart Superior Court |
| State of Indiana, | The Honorable David C. Bonfiglio, Judge |
| *Appellee-Respondent* | Trial Court Cause No. 20D06-1503-F6-264 |

**Rucker, Senior Judge, dissenting.**

[16] I agree with the majority that "Sections 35-35-3-3 (e) . . . and 35-38-1-17 (l) may be harmonized. . . ." Slip op. at 10. But I reach a much different conclusion on how these harmonized provisions work together. Therefore, I respectfully dissent.

[17]   Enacted in 1980, Indiana Code Section 35-35-3-3 (e) dictates "[i]f the court accepts a plea agreement, it shall be bound by its terms."  In like fashion, our courts have long declared that a "plea agreement is contractual in nature, binding the defendant, the state and the trial court."  *Pannarale v. State*, 638 N.E.2d 1247, 1248 (Ind. 1994) (citing *State ex rel Goldsmith v. Superior Court*, 419 N.E.2d 109, 114 (Ind.1981)).  And "although not a party to the agreement, once the court accepts a plea agreement, it is bound by the terms of that agreement."  *Blackburn v. State*, 493 N.E.2d 437, 439 (Ind. 1986).  The question presented is whether Indiana Code section 35-35-3-3(e) still remains in full force and effect in light of subsequent legislative enactments.

[18]   Effective July 1, 2014, as part of a comprehensive revision to the Indiana criminal code, the Legislature amended Indiana Code Section 35-38-1-17.  Prior to the revision the statute was largely focused on prosecutorial approval to the modification of a sentence.  *See Manley v. State*, 868 N.E.2d 1175 (Ind. Ct. App. 2007); *Schweitzer v. State*, 700 N.E.2d 488 (Ind. Ct. App. 1998).  However, the Legislature shifted focus and among other things enacted a wholly new paragraph "(l)" which provides in relevant part:

> *A person may not waive the right to sentence modification under this section as part of a plea agreement.*  Any purported waiver of the right to sentence modification under this section in a plea agreement is invalid and unenforceable as against public policy.  *This subsection does not prohibit the finding of a waiver of the right to sentence modification for any other reason*, including failure to comply with the provisions of this section.

Ind. Code § 35-38-1-17 (l) (emphasis added).

[19] In construing statutes, our primary goal is to determine and give effect to the intent of the legislature. *Moryl v. Ranone*, 4 N.E.3d 1133, 1137 (Ind. 2014). When two statutes on the same subject must be construed together, a court should attempt to give effect to both and *must* attempt to harmonize any inconsistencies or conflicts before applying any other rule of statutory construction. *Id.* "As a general rule, there is a presumption that the Legislature in enacting a particular piece of legislation has in mind existing statutes covering the same subject." *Simmons v. State*, 773 N.E.2d 823, 826 (Ind. Ct. App. 2002). "When two statutes or two sets of statutes are apparently inconsistent in some respects, and yet can be rationalized to give effect to both, then it is our duty to do so. It is only when there is irreconcilable conflict that we can interpret the legislative intent to be that one statute gives way to the other." *Wright v. Gettinger*, 428 N.E.2d 1212, 1219 (Ind. 1981).

[20] In this case both Indiana Code section 35-35-3-3(e) and Indiana Code section 35-38-1-17(l) address the same subject – plea agreements. And, at first blush, they appear to be inconsistent – the earlier statute declaring on the one hand that the court is bound by the terms of a plea agreement if the court accepts the agreement, while the later statute on the other hand declares a person may not waive the right to sentence modification as part of a plea agreement. However, closer examination reveals the two statutes may be harmonized. In particular, the third sentence of Indiana Code section 35-38-1-17(l) makes clear that the statute "does not prohibit the finding of waiver of the right to sentence modification for *any other reason*." *Id.* (emphasis added). This language is not

in irreconcilable conflict with Indiana Code section 35-35-3-3(e) which declares "[i]f the court accepts a plea agreement, it shall be bound by its terms." *Id.* Instead, "[w]here possible, if conflicting portions of a statute can be reconciled with the remainder of the statute, every word in the statute must be given effect and meaning, with no part being held meaningless." *State v. Universal Outdoor, Inc.*, 880 N.E.2d 1188, 1191 (Ind. 2008). Such is the case here. Although Indiana Code section 35-38-1-17(l) prohibits a plea agreement from containing express language waiving the right to sentence modification, the statute does not prohibit a finding of waiver on other grounds. To conclude otherwise would mean that Indiana Code section 35-38-1-17(l) effectively repealed Indiana Code section 35-35-3-3(e). But the Legislature did not expressly repeal Indiana Code section 35-35-3-3. And the implied repeal of statutes is disfavored under Indiana law. *Waldridge v. Futurex Industries, Inc.*, 714 N.E.2d 783, 785 (Ind. Ct. App. 1999). "We repeal statutes by implication only where a later statute is so repugnant to and inconsistent with an earlier statute that it must be assumed the legislature did not intend both statutes to stand." *Id.* If at all possible, we will adopt a construction that gives effect to both statutes. *Id.*

[21] Here, the conflicting provisions of the two statutes may be harmonized in a way that gives effect to both. In particular, the trial court lacked the authority to modify Rodriquez's sentence from work release to home detention not because of a "waive[r] to the right of sentence modification . . . as part of a plea agreement." Ind. Code § 35-38-1-17(l). Instead, the trial court lacked such authority for a wholly different reason- or in the language of the statute "for any

other reason" - namely: because of the bargain Rodriquez struck with the State of Indiana that his sentence would be served with a specific entity. More specifically, Rodriguez agreed to serve a precise sentence with a specific entity: 30 months executed to be served on Elkhart County Work Release for his class A misdemeanor and level 6 felony offenses; and an additional consecutive fixed term of 42 months for his HVSO adjudication also to be served on Elkhart County Work Release. Rodriguez was bound by his agreement with the State, and having accepted the parties' agreement the trial court was bound as well. *See e.g. State v. Smith*, 71 N.E.3d 368, 370 (Ind. 2017) (reaffirming long standing precedent which declares "[t]he terms of a plea agreement between the State and the defendant are contractual in nature. When a trial court accepts a plea agreement, it is bound by its terms.") (internal quotations omitted).

[22] In essence, it does not appear the Legislature intended to repeal long-standing statutory authority or to overrule long-standing judicial precedent by the enactment of Ind. Code § 35-38-1-17 (l). I conclude therefore the trial court properly denied Rodriguez's motion to modify his sentence and I would thus affirm the trial court's judgment.