## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 30 2019, 8:04 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Horacio Lopez
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Horacio Lopez, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | January 30, 2019 <br><br> Court of Appeals Case No. 18A-CR-786 <br><br> Appeal from the Elkhart Circuit Court <br><br> The Honorable Michael A. Christofeno, Judge <br><br> Trial Court Cause No. 20C01-0907-FA-19 |

**Tavitas, Judge.**

# Case Summary

[1] Horacio Lopez appeals the denial of his motion to modify his sentence, which was imposed pursuant to a fixed sentence plea agreement. We affirm.

# Issue

[2] Lopez raises two issues on appeal, which we consolidate and restate as:

> Whether the trial court erred in denying Lopez's motion for sentence modification by enforcing the express terms of Lopez's fixed sentence plea agreement, wherein Lopez waived his right to sentence modification until 2021.

# Facts

[3] On July 20, 2009, the State charged Lopez with six counts of dealing in cocaine or a narcotic, Class A felonies. In October 2009, Lopez entered into a fixed sentence plea agreement with the State. Lopez agreed to plead guilty to two counts of dealing cocaine, Class A felonies, and the State agreed to dismiss the remaining four counts. The plea agreement expressly provided: "The Defendant shall serve an executed sentence of thirty-five years at the Indiana Department of Correction. All other terms shall be left to the Court. The State grants the Defendant/Court jurisdiction (jurisdiction only) to consider modification with regard to time and placement during calendar year of 2021." App. Vol. II p. 16. The trial court approved the plea agreement and imposed two, concurrent thirty-five-year sentences.

[4] On January 24, 2018, Lopez filed a motion for sentence modification. The Department of Correction submitted a progress report on February 12, 2018. On February 19, 2018, the trial court found that it lacked jurisdiction to modify Lopez's sentence until 2021 and denied Lopez's motion. Lopez now appeals.

## Analysis

[5] Lopez argues that the trial court erred in denying his motion for modification of sentence because Indiana Code Section 35-38-1-17 "plainly authorizes the modification of a 'fixed' or 'agreed upon' sentence." Appellant's Br. p. 12. We review a trial court's decision regarding modification of a sentence for an abuse of discretion. Johnson v. State, 36 N.E.3d 1130, 1133 (Ind. Ct. App. 2015), trans. denied. An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. Id.

[6] Lopez argues that, by finding that the plea agreement precluded modification of his sentence until 2021, the trial court permitted a blanket waiver of his right to sentence modification in violation of Indiana Code Section 35-38-1-17. At issue here is the interplay between Indiana Code Section 35-35-3-3(e) and Indiana Code Section 35-38-1-17(l).

[7] Indiana Code Section 35-35-3-3(e) states: "If the court accepts a plea agreement, [the court] shall be bound by its terms." Berry v. State, 10 N.E.3d 1243, 1246 (Ind. 2014); see Vaughn v. State, 982 N.E.2d 1071, 1073 (Ind. Ct. App. 2013)

("A plea agreement is contractual in nature, binding the defendant, the State and the trial court.").

[8]     When Lopez filed his motion for sentence modification in January 2018, Indiana Code Section 35-38-1-17, which governs reduction or suspension of sentence, provided, in part, as follows:

> . . .
>
> (e) At any time after:
>
> (1) a convicted person begins serving the person's sentence; and
>
> (2) the court obtains a report from the department of correction concerning the convicted person's conduct while imprisoned;
>
> the court may reduce or suspend the sentence and impose a sentence that the court was authorized to impose at the time of sentencing.  The court must incorporate its reasons in the record.
>
> * * * * *
>
> (l) A person may not waive the right to sentence modification under this section as part of a plea agreement.  Any purported waiver of the right to sentence modification under this section in a plea agreement is invalid and unenforceable as against public policy.  This subsection does not prohibit the finding of a waiver of the right to sentence modification for any other reason, including failure to comply with the provisions of this section.

I.C. § 35-38-1-17.

[9] Indiana Code Section 35-38-1-17 has undergone two noteworthy amendments in recent years. In 2014, our legislature amended Indiana Code Section 35-38-1-17 ("the 2014 amendment") to add the following language, which is presently codified in Indiana Code Section 35-38-1-17(l):

> A person may not waive the right to sentence modification under this section as part of a plea agreement. Any purported waiver of the right to sentence modification under this section in a plea agreement is invalid and unenforceable as against public policy. This subsection does not prohibit the finding of a waiver of the right to sentence modification for any other reason, including failure to comply with the provisions of this section.

I.C. § 35-38-1-17(l); *see* I.C. § 35-38-1-17(i)(2014).

[10] Subsequently, we applied the 2014 amendment in deciding the appeal in *State v. Stafford,* 86 N.E.3d 190 (Ind. Ct. App. 2017) ("*Stafford I*"), *trans. granted.* Stafford pleaded guilty pursuant to a fixed sentence plea agreement that purported to waive her right to sentence modification. Stafford subsequently moved for and was granted a sentence modification. In affirming the trial court's judgment on appeal, we found that, "in light of our legislature's 2014 amendment to Indiana Code Section 35-38-1-17, Stafford did not waive her right to sentence modification by entering into a fixed plea agreement, and thus, the trial court was authorized to modify her sentence without approval of the prosecutor." *See State v. Stafford*, No 39A04-1705-CR-930, slip. op. at p. 1 (Dec. 27, 2018) ("*Stafford II*").

[11]     In the same vein, in *Rodriguez v. State*, 91 N.E.3d 1033 (Ind. Ct. App. 2018) ("*Rodriguez I*"), Rodriguez pleaded guilty pursuant to a fixed sentence plea agreement and agreed to serve a seventy-two-month term in the Department of Correction on work release. Subsequently, Rodriguez moved for sentence modification; he alleged family hardship from his incarceration and sought modification of his sentence to home detention. The trial court found that it lacked authority to modify Rodriguez's sentence because the court was bound by Rodriguez's agreement with the State to serve his sentence on work release and denied Rodriguez's motion. We reversed on appeal and found that, in light of the 2014 amendment, modification of Rodriguez's sentence was permissible. Senior Judge Rucker wrote a dissenting opinion, which we discuss below.

[12]     Our legislature responded by amending Indiana Code Section 35-38-1-17 ("the 2018 amendment"), effective July 1, 2018. As amended, with the added language shown in italics, the statute provides as follows:

> (e) At any time after:
>
>> (1) a convicted person begins serving the person's sentence; and
>>
>> (2) the court obtains a report from the department of correction concerning the convicted person's conduct while imprisoned;
>
> the court may reduce or suspend the sentence and impose a sentence that the court was authorized to impose at the time of sentencing. *However, if the convicted person was sentenced under the*

*terms of a plea agreement, the court may not, without the consent of the prosecuting attorney, reduce or suspend the sentence and impose a sentence not authorized by the plea agreement.* The court must incorporate its reasons in the record.

\* \* \* \* \*

(l) A person may not waive the right to sentence modification under this section as part of a plea agreement. Any purported waiver of the right to sentence modification under this section in a plea agreement is invalid and unenforceable as against public policy. This subsection does not prohibit the finding of a waiver of the right to:

> (1) *have a court modify a sentence and impose a sentence not authorized by the plea agreement, as described under subsection (e)*; or

> (2) sentence modification for any other reason, including failure to comply with the provisions of this section.

I.C. §§ 35-38-1-17(e), 35-38-1-17(l) (emphasis added).

[13] Our supreme court granted transfer in *Stafford I* and remanded for our reconsideration in light of the 2018 amendment. On remand in *Stafford II*, we opined as follows:

> Through its amendment, the legislature made a definitive statement that trial courts are not authorized to modify sentences that were imposed by virtue of a plea agreement unless the agreement itself contemplated such a modification and/or the prosecuting attorney agrees to the modification. In other words, it is now clear that the sentencing parameters of a plea agreement

continue to bind a trial court during subsequent modification proceedings.

*Stafford II,* No. 39A04-1705-CR-930, slip. op. at p. 3; *see* I.C. § 35-35-3-3(e). The *Stafford II* panel, thus, reversed the trial court and remanded for reinstatement of Stafford's original sentence. *See Stafford II,* No. 39A04-1705-CR-930, slip. op. at p. 4.

[14] As in *Stafford I,* our supreme court granted transfer in *Rodriguez I* and remanded for our reconsideration in light of the legislature's 2018 amendments to Indiana Code Section 35-38-1-17. On remand, we reaffirmed our holding and found that retroactive application to Rodriguez of the 2018 amendments would be fundamentally unfair and would violate the contract clause of the United States Constitution. *See Rodriguez v. State,* No. 20A03-1704-CR-724, slip. op. at pp. 7-8 (Ind. Ct. App. Dec. 14, 2018) ("*Rodriguez II*"). Senior Judge Rucker dissented on the same grounds as in his *Rodriguez I* dissent.

[15] For purposes of our analysis here, Senior Judge Rucker's dissenting opinion in *Rodriguez I* is instructive. Senior Judge Rucker reasoned that Indiana Code Section 35-35-3-3(e) and Indiana Code Section 35-38-1-17(l) may be harmonized as follows:

> [T]he third sentence of Indiana Code [S]ection 35-38-1-17(l) makes clear that the statute "does not prohibit the finding of waiver of the right to sentence modification for *any other reason.*" This language is not in irreconcilable conflict with Indiana Code [S]ection 35-35-3-3(e) which declares "[i]f the court accepts a plea agreement, it shall be bound by its terms." *Id.* * * * *

Here, the conflicting provisions of the two statutes may be harmonized in a way that gives effect to both. In particular, the trial court lacked the authority to modify Rodriguez's sentence from work release to home detention not because of a "waive[r] to the right of sentence modification . . . as part of a plea agreement." Ind. Code § 35-38-1-17(l). Instead, the trial court lacked such authority for a wholly different reason- or in the language of the statute[-] "for any other reason"—namely: because of the bargain Rodriguez struck with the State of Indiana that his sentence would be served with a specific entity. More specifically, Rodriguez agreed to serve a precise sentence . . . . Rodriguez was bound by his agreement with the State, and having accepted the parties' agreement the trial court was bound as well.

*Rodriguez I,* 91 N.E.3d 1033, 1039 (Ind. Ct. App. 2008), *trans. granted* (citations omitted).

[16] We find Senior Judge Rucker's reasoning to be persuasive and agree that, although Indiana Code Section 35-38-1-17(l) prohibits a plea agreement from containing express language that purports to waive an offender's right to sentence modification, *the statute does not prohibit a finding of waiver on other grounds.*" *Id.* (emphasis added). From our reading, Indiana Code Section 35-38-1-17(l) prohibits wholesale or blanket waivers of the right to sentence modification. Stated differently, in light of Indiana Code Section 35-38-1-17(l), a plea agreement cannot properly provide, for instance, that "Offender X is per se ineligible for sentence modification." Indiana Code Section 35-38-1-17(l) does, however, allow for a finding of waiver "on other grounds," such as a finding of waiver pursuant to a fixed sentence plea agreement. *See id.*

[17] Here, in exchange for the State's dismissal of four pending Class A felonies, Lopez agreed (1) to serve a thirty-five-year sentence and (2) that he would not be eligible for a sentence modification until 2021. Bound by the terms of Lopez's fixed sentence plea agreement, the trial court correctly found that it lacked authority to modify Lopez's sentence in light of the bargain that Lopez had struck with the State. We agree with Senior Judge Rucker and with the *Stafford II* panel that Indiana Code Section 35-38-1-17(l) does not prohibit a finding of waiver of sentence modification under this circumstance. The trial court's decision to deny Lopez's motion for sentence modification is not clearly against the logic and effect of the facts and circumstances before the court.

# Conclusion

[18] The trial court did not abuse its discretion in denying Lopez's motion for sentence modification. We affirm.

[19] Affirmed.

[20] Brown, J., and Altice, J., concur.