



FILED

Aug 07 2019, 11:39 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Indiana Supreme Court

Supreme Court Case No. 18S-CR-143

## Alberto Baiza Rodriguez

*Appellant,*

—v—

## State of Indiana

*Appellee.*

---

Argued: May 9, 2019 | Decided: August 7, 2019

Appeal from the Elkhart Superior Court, No. 20D06-1503-F6-264
The Honorable David C. Bonfiglio, Judge

On Petition to Transfer from the Indiana Court of Appeals,
No. 20A03-1704-CR-724

---

**Opinion by Justice David**

Chief Justice Rush and Justices Massa, Slaughter, and Goff concur.

**David, Justice.**

We granted transfer in this case and a related case, *Pebble Stafford v. State of Indiana*, --- N.E.3d --- (Ind. 2019) ("*Stafford II*"), to resolve conflicting opinions from our Court of Appeals concerning recent amendments to Indiana's sentence modification statutes. As a matter of statutory interpretation, we find the decades-old rule of sentence modification remains undisturbed: courts may modify a sentence only if the new sentence would not have violated the terms of the valid plea agreement had the new sentence been originally imposed. Accordingly, we affirm the trial court's judgment that it was not authorized to modify the sentence imposed under Defendant's fixed-term plea agreement.

# Facts and Procedural History

In March 2015, Defendant Alberto Rodriguez was charged with class A misdemeanor operating while intoxicated ("OWI") and class C misdemeanor operating a vehicle with an alcohol concentration equivalent of .08 or more. Due to prior OWI convictions, Rodriguez was also charged with level 6 felony OWI with a prior conviction and with being a habitual vehicular substance offender ("HVSO").

Rodriguez entered into a plea agreement on January 6, 2016. In exchange for dismissal of the class C misdemeanor charge, Rodriguez pled guilty to the class A misdemeanor OWI, level 6 felony OWI with a prior conviction, and HVSO charges. The trial court accepted the plea agreement and sentenced Rodriguez according to the plea agreement's terms: thirty months in Elkhart County work release for merged level 6 felony OWI with a prior conviction and class A misdemeanor OWI charges and an additional forty-two months on work release for the HVSO charge. A hand-written notation on the plea agreement read, "Agreed all time to Work Release no discretion to change." (Appellant's

App. Vol. II at 13) (emphasis in original).  This note was incorporated into the trial court's sentencing order.[1]

On January 12, 2017, Rodriguez petitioned to modify his sentence under Indiana Code section 35-38-1-17(e).[2]  At the modification hearing, Rodriguez argued that recent changes to the modification statute—combined with his positive report from work release and his need to be present for his son—supported the court's ability to modify his sentence. The State opposed Rodriguez's petition, arguing that courts have no power to modify a sentence once the court has accepted a binding stipulated plea agreement.

The trial court denied Rodriguez's motion to modify his sentence.  The court relied on Indiana Code section 35-38-1-17(l) (2016), which read:

> A person may not waive the right to sentence modification under this section as part of a plea agreement. Any purported waiver of the right to sentence modification under this section in a plea agreement is invalid and unenforceable as against public policy. **This subsection does not prohibit the finding of a waiver of the right to sentence modification for any other reason**, including failure to comply with the provisions of this section.

(Emphasis altered from court's order).  Applying the above emphasized language to the specific terms of Rodriguez's plea agreement, the court

---

[1] Rodriguez did, however, reserve the right to request a modification of sentence—with the State's consent—if he was incarcerated.

[2] Indiana Code section 35-38-1-17(e) (2016) reads:

> At any time after:
>      (1) a convicted person begins serving the person's sentence; and
>      (2) the court obtains a report from the department of correction concerning the convicted person's conduct while imprisoned;
> the court may reduce or suspend the sentence and impose a sentence that the court was authorized to impose at the time of sentencing. The court must incorporate its reasons in the record.

found that a defendant who "enter[s] into a binding plea agreement waives the right to seek or receive a modification of [his or her] sentence." (Appellant's App. Vol. II at 22.) Thus, the trial court held that it had no authority to modify Rodriguez's sentence. Rodriguez appealed.

In a split decision, the Court of Appeals reversed, holding that "modification of Rodriguez's sentence is permissible under Section 35-38-1-17(l)…" *Rodriguez v. State*, 91 N.E.3d 1033, 1038 (Ind. Ct. App. 2018), *vacated and remanded*, 100 N.E.3d 696 (Ind. 2018) ("*Rodriguez I*"). The court opined that because the legislature amended the modification statute to prohibit explicit waiver of the right to sentence modification in a plea agreement, it was the legislature's intent "to preserve a defendant's right to modification of a fixed sentence imposed under a plea agreement." *Id*. at 1037-38. The majority found additional support for its position in the decision of another panel of the Court of Appeals in *State v. Stafford*, which held modification of a fixed plea was possible because the legislature "plainly stated that a person may not waive the right to sentence modification as part of a plea agreement…." 86 N.E.3d 190, 193 (Ind. Ct. App. 2017), *vacated and remanded*, 100 N.E.3d 696 (Ind. 2018) ("*Stafford I*").

Senior Judge Rucker dissented, finding that "[a]lthough Indiana Code section 35-38-1-17(l) prohibits a plea agreement from containing express language waiving the right to sentence modification, the statute does not prohibit a finding of waiver on other grounds." *Rodriguez I*, 91 N.E.3d at 1039 (Rucker, S.J., dissenting). Harmonizing the provisions of subsection (l) with Indiana Code section 35-35-3-3(e),[3] Senior Judge Rucker believed the trial court lacked authority to modify Rodriguez's sentence because Rodriguez struck a bargain with the State of Indiana to "serve a precise sentence with a specific entity." *Id*. at 1040. Accordingly, the dissent would have held that the trial court was bound by the terms of Rodriguez's plea agreement—a valid "other reason" for finding the waiver of a right to sentence modification. *Id*.

---

[3] IC 35-35-3-3(e) states, "If the court accepts a plea agreement, it shall be bound by its terms."

The State sought transfer, which we granted. *Rodriguez v. State*, 100 N.E.3d 696 (Ind. 2018). In a published order, we noted that "[d]uring the 2018 legislative session, the General Assembly amended Indiana Code sections 35-35-1-2 and 35-38-1-17, addressing guilty pleas and the reduction or suspension of a sentence, effective July 1, 2018." *Id*. As such, we remanded the case to the Court of Appeals so it could reconsider its opinion in light of the statutory amendments. *Id*.

On remand, the Court of Appeals reaffirmed its original holding in *Rodriguez I*, finding that the retroactive application of 2018 amendments to the sentence modification statute violated the contract clause of the Federal Constitution. *Rodriguez v. State*, 116 N.E.3d 515, 524 (Ind. Ct. App. 2018) ("*Rodriguez II*"). Senior Judge Rucker again dissented for the reasons expressed in his earlier dissenting opinion in *Rodriguez I*. *Id*. (Rucker, S.J., dissenting).

The State sought transfer, which we granted, thereby vacating the Court of Appeals opinion. Ind. Appellate Rule 58(A).

## Standard of Review

Matters of statutory interpretation present pure questions of law; as such, these questions are reviewed *de novo*. *Nicoson v. State*, 938 N.E.2d 660, 663 (Ind. 2010). This Court "presumes that the legislature intended for the statutory language to be applied in a logical manner consistent with the statute's underlying policy and goals." *Id*.

## Discussion and Decision

The genesis of these proceedings came as a result of the legislature's 2014 amendments to Indiana Code section 35-38-1-17. Combined with subsequent amendments to the same statutory scheme in 2016 and 2018, courts and practitioners alike were thrown into uncertain territory over whether defendants who entered into a fixed-term plea agreement could now petition for sentence modification despite the terms of their agreement. Our own Court of Appeals in *Rodriguez II* and *Stafford II*

charted no less than four possible paths forward to interpret the same statutory provisions.

We resolve this split in interpretations today and conclude that the legislature's amendments did not change course from the previously accepted view of sentence modification in Indiana. As demonstrated below, this conclusion flows from our Court's precedent and the canons of statutory interpretation.

## I. Historically, courts were bound by the terms of the plea agreement.

The State's primary argument in this case is that the legislature never intended to change course from the well-established policy in Indiana that trial courts have no authority to reduce or suspend a sentence in a way that would violate the terms of a valid plea agreement. Applying that rule to this case, the State argues that Rodriguez could not petition for sentence modification because his plea agreement reserved no discretion for the trial court to change his work release placement.

Generally speaking, "[a] criminal defendant has no constitutional right to engage in plea bargaining." *Bethea v. State*, 983 N.E.2d 1134, 1144 (Ind. 2013) (quoting *Coker v. State*, 499 N.E.2d 1135, 1138 (Ind. 1986)). While the State is under no duty to offer a bargain, *see id.*, plea agreements are often sought because they "facilitate expeditious disposition of criminal cases." *State ex rel. Goldsmith v. Marion Cnty. Super. Ct.*, (1981) 275 Ind. 545, 552, 419 N.E.2d 109, 114. S*ee also Pannarale v. State*, 638 N.E.2d 1247, 1248 (Ind. 1994) (noting that plea agreements "are designed to induce the defendant to plead guilty, typically in return for a promise of less than the maximum sentence"). Under this process, both parties may negotiate to include and exclude certain terms with the hope that each party will receive a substantial benefit. *Bethea*, 983 N.E.2d at 1144. If a deal is struck between the State and the defendant, the agreement is placed before a trial court for approval. Ind. Code § 35-35-3-3(a).

Trial courts enjoy considerable discretion in deciding whether to accept or reject a proposed plea agreement. *See Pannarale*, 638 N.E.2d at 1248. If

the court rejects a plea agreement, the case may move on to trial, the defendant may enter a guilty plea, or subsequent plea agreements may be filed. *See id*.; Ind. Code § 35-35-3-3. But "once a sentencing court accepts a plea agreement, it possesses only that degree of sentencing discretion provided in the agreement." *St. Clair v. State*, 901 N.E.2d 490, 493 (Ind. 2009) (citing *Freije v. State*, 709 N.E.2d 323, 324-25 (Ind. 1999)). For example, a plea agreement could leave the sentencing decision to the trial court—a practice commonly referred to as an "open plea." *State v. Cozart*, 897 N.E.2d 478, 483 (Ind. 2008) (citing *Collins v. State*, 817 N.E.2d 230, 231 (Ind. 2004)). A court's sentencing discretion under an open plea "is limited only by the Constitution and relevant statutes." *Childress v. State*, 848 N.E.2d 1073, 1078 (Ind. 2006). Perhaps to a lesser extent, plea agreements that set forth a sentencing range or a sentencing cap still afford the trial court some degree of discretion in imposing a sentence either within the agreed sentencing range or up to the sentencing cap stated in the terms of the agreement. *Id*.

In contrast, "[a] 'fixed' plea is one which specifies the exact number of years to be imposed for sentencing." *Allen v. State*, 865 N.E.2d 686, 689 (Ind. Ct. App. 2007) (citation omitted). When a court accepts a plea agreement that calls for a fixed sentence, "it has no discretion to impose anything other than the precise sentence upon which [the parties] agreed." *Childress*, 848 N.E.2d at 1078 n.4 (citation omitted). *See also Goldsmith*, 419 N.E.2d at 114 (finding that when a trial court accepts an explicit agreement binding both the State and the defendant, the trial court may neither increase nor suspend the executed sentence because that "would deny the parties the essential purpose of their agreement").

No matter the type of plea bargained for by the defendant and the State, plea agreements are contractual in nature. *Lee v. State*, 816 N.E.2d 35, 38 (Ind. 2004). As such, the State, defendant, and trial court become bound by the agreement's terms once the plea is accepted by the court. *Pannarale*, 638 N.E.2d at 1248 (citing Ind. Code § 35-35-3-3(e) (1993)).

These underlying principles formed the basis for this Court's earlier decisions in *Goldsmith* and *Pannarale*. Those opinions found that once an agreement is accepted by the court, "a deal is a deal" and "the sentencing

court possesses only that degree of discretion provided in the plea agreement with regard to imposing an initial sentence **or altering it later**.” *Pannarale*, 638 N.E.2d at 1248 (emphasis added).  If a defendant who is sentenced pursuant to the terms of a plea agreement later petitions for modification of his or her sentence, “the trial court retains the authority to modify a sentence so long as the modified sentence would not have violated the plea agreement had it been the sentence originally imposed.” *Id*. at 1249.

The logical application of this rule—that a defendant may not petition for modification of a fixed-plea sentence because the plea agreement authorized the court to only impose a specific sentence—has been reinforced by *Pannarale* and its progeny for several decades leading up to the present challenge.  *See, e.g., id.* at 1248-49; *St. Clair*, 901 N.E.2d at 492-93; *Childress*, 848 N.E.2d at 1078-79 n.4; *Lee*, 816 N.E.2d at 38.  This rule is reinforced by codified law under Indiana Code section 35-35-3-3(e), which provides, “If the court accepts a plea agreement, it shall be bound by its terms.”  That provision has remained unchanged by the legislature since this Court’s decision in *Pannarale* in 1993.

## II. Although the General Assembly amended the sentence modification statutes, the changes did not alter the general rule regarding modification.

It was against this backdrop that the General Assembly began its revisions of the sentence modification statute.  The relevant amendments came in three waves:  first in 2014, second in 2015, and finally in 2018.[4]  The primary point of conflict in the present action stems from the 2014 amendments to Indiana Code section 35-38-1-17.  These amendments were part of a comprehensive bill that touched many aspects of the criminal code, *see* H.E.A. 1006 (2014); 2014 Ind. Acts 2030-2194, and came on the

---

[4] There was a fourth amendment to the statute in 2016, but the changes are not relevant to our current analysis.  *See* 2016 Ind. Acts 113-115.

heels of the substantial 2013 criminal code revision effort. *See* H.E.A. 1006 (2013); 2013 Ind. Acts 1155-1630.

Specifically, the legislature added a new subsection in 2014 to Indiana Code section 35-38-1-17, which provided:

> A person may not waive the right to sentence modification under this section as part of a plea agreement. Any purported waiver of the right to sentence modification under this section in a plea agreement is invalid and unenforceable as against public policy. This subsection does not prohibit the finding of a waiver of the right to sentence modification for any other reason, including failure to comply with the provisions of this section.

Ind. Code § 35-38-1-17(i) (2014); *see also* 2014 Ind. Acts 2101-2.

Then, in 2015, the legislature moved this aforementioned subsection to its current location at Indiana Code section 35-38-1-17(l). *See* 2015 Ind. Acts 1644-46.

In 2018—after the Court of Appeals handed down *Stafford I* and *Rodriguez I*—the legislature clarified two relevant provisions. First, subsection (e) was amended to provide:

> At any time after:
> > (1) a convicted person begins serving the person's sentence; and
> > (2) the court obtains a report from the department of correction concerning the convicted person's conduct while imprisoned;
>
> the court may reduce or suspend the sentence and impose a sentence that the court was authorized to impose at the time of sentencing. **However, if the convicted person was sentenced under the terms of a plea agreement, the court may not, without the consent of the prosecuting attorney, reduce or suspend the sentence and impose a sentence not authorized**

**by the plea agreement.** The court must incorporate its reasons in the record.

Ind. Code § 35-38-1-17(e) (2018) (emphasis added); 2018 Ind. Acts 261.[5] Further, subsection (l) now reads:

> A person may not waive the right to sentence modification under this section as part of a plea agreement. Any purported waiver of the right to sentence modification under this section in a plea agreement is invalid and unenforceable as against public policy. This subsection does not prohibit the finding of a waiver of the right to:
>
> **(1) have a court modify a sentence and impose a sentence not authorized by the plea agreement, as described under subsection (e); or**
>
> **(2)** sentence modification for any other reason, including failure to comply with the provisions of this section.

Ind. Code § 35-38-1-17(l) (emphasis added); 2018 Ind. Acts 262. These 2018 amendments prompted our Court to remand both *Stafford I* and *Rodriguez I* to the Court of Appeals for reconsideration. *See Rodriguez v. State*, 100 N.E.3d 696 (Ind. 2018).

Because these amendments created considerable confusion amongst courts and practitioners, we must provide a cognizable path forward to interpret these provisions. Stated plainly, the legislature either intended to allow defendants to petition for sentence modification regardless of the terms of a plea agreement or it didn't. Rodriguez argues that Indiana Code section 35-35-3-3(e), which provides "[i]f a court accepts a plea agreement, it shall be bound by its terms," can no longer be given a plain

---

[5] Subsection (e) went through several other changes over the years that are not particularly relevant to today's analysis. *See, e.g.* 2015 Ind. Acts 1644-45 (combining provisions that previously had different modification mechanisms based on whether a defendant was within or beyond 365 days of conviction into a single subsection (e)).

reading in light of the legislature's recent amendments to Indiana Code section 35-38-1-17(l). The State urges the opposite, believing that these provisions can be harmonized to show the General Assembly never intended to allow modification of fixed plea agreements.

When interpreting a statute, "our primary goal is to determine and give effect to the intent of the legislature." *Daniels v. FanDuel, Inc.*, 109 N.E.3d 390, 394 (Ind. 2018) (citing *Moryl v. Ransone*, 4 N.E.3d 1133, 1137 (Ind. 2014)). We must "give effect to the plain and ordinary meaning of statutory terms," *State v. Hancock*, 65 N.E.3d 585, 587 (Ind. 2016), and there is a presumption that the legislature "intended the statutory language to be applied logically and consistently with the statute's underlying policy and goals." *Daniels*, 109 N.E.3d at 394 (quoting *Walczak v. Labor Works-Ft. Wayne LLC*, 983 N.E.2d 1146, 1154 (Ind. 2013)).

Here, we are asked to construe two seemingly conflicting provisions. Accordingly, before applying any other rule of statutory construction, we "should attempt to give effect to both [statutes] and *must* attempt to harmonize any inconsistencies or conflicts…." *Moryl*, 4 N.E.3d at 1137 (citations omitted) (emphasis in original). If the two statutes are incompatible with one another, the most recent amendment controls and operates to repeal the earlier provision. *Id*. But "such implied repeal should be recognized only when a later act is so repugnant to an earlier one as to render them irreconcilable, and a construction which will permit both laws to stand will be adopted if at all possible." *Id*. (internal quotation omitted). Recognizing that a valid interpretation exists so as to reconcile and harmonize both provisions in the present case, we will—and must—give effect to both provisions.

The language of Indiana Code section 35-35-3-3(e) is straightforward: a court is bound by the terms of the plea agreement at the time it accepts the plea. This provision is implicitly recognized in the language of Indiana

Code section 35-38-1-17(e) (2016),[6] which only allows a court to reduce or suspend a sentence in a way in which it was authorized **at the time of sentencing**. These two provisions are easily harmonized in light of our discussion in part one of this opinion. Simply stated, if the terms of the plea agreement—to which the State, defendant, and court are bound— allowed any sentencing discretion by the trial court at the time the sentence was imposed, the trial court only possesses the degree of discretion to modify a sentence that was contemplated by the terms of the original plea agreement.

We do not think the waiver language of subsection (l) casts irreconcilable doubt on this interpretation. By its terms, the provision prohibits a defendant from "waiv[ing] the right to sentence modification … as part of a plea agreement" and declares "[a]ny purported waiver of the right to sentence modification … in a plea agreement is invalid and unenforceable as against public policy." Ind. Code § 35-38-1-17(l) (2016). This provision has been interpreted by our Court of Appeals in a way that provides an unequivocal right to sentence modification—an interpretation that brought us here today. *See Stafford I*, 86 N.E.3d at 193; *Rodriguez I*, 91 N.E.3d at 1038.

But the legislature placed important qualifiers in this same subsection that suggest any purported right to modification is potentially limited by other unenumerated factors. The subsection itself "does not prohibit the finding of a waiver of the right to sentence modification **for any other reason**, including failure to comply with the provisions of this section." Ind. Code § 35-38-1-17(l) (2016) (emphasis added). Thus, it does not appear the General Assembly intended a comprehensive prohibition on

---

[6] As previously mentioned, this provision originated before the 2014 amendments, *see* Ind. Code § 35-38-1-17(b) (2014); 2014 Ind. Acts 2101, and survived through the 2018 amendments. *See* Ind. Code § 35-38-1-17(e) (2018). In light of *Stafford II* and *Rodriguez II*, the legislature made crystal clear in the 2018 amendments that "if the convicted person was sentenced under the terms of a plea agreement, the court may not … reduce or suspend the sentence and impose a sentence not authorized by the plea agreement." *Id*.

the waiver of a right to sentence modification when the waiver of that right is contemplated by the same subsection.

We think a reasonable harmonization of these provisions is that the legislature sought only to ban the explicit waiver of the right to sentence modification **within the text of the written plea agreement**. This interpretation comes directly from the plain language of subsection (l). When referencing waiver of the right to sentence modification, the legislature used language like "**as part of** a plea agreement" and "**in a** plea agreement." *See id*. (emphasis added). This language plainly suggests that waiver of the right to sentence modification cannot be an explicit term of a plea agreement. A waiver of this right can be implied, however, "for any other reason" and as is the case here, that "reason" is that the trial court could not impose a different sentence that would have violated the terms of Rodriguez's binding plea agreement. In our view, this is not a "tortured interpretation," *see Stafford I*, 86 N.E.3d at 193, but rather "a construction which will permit both laws to stand." *Moryl*, 4 N.E.3d at 1137.

This view also reinforces the well-established principle that plea agreements are contractual in nature. *See Lee*, 816 N.E.2d at 38. When the trial court accepted Rodriguez's plea agreement, it—along with Rodriguez and the State—became bound by the terms of the agreement. The State agreed to drop certain charges in exchange for Rodriguez's agreement to serve a fixed term on work release. We agree with the State that an interpretation allowing for modification of a valid plea agreement that allows no sentencing discretion frustrates the State's benefit of the bargain and would throw the terms of many other plea agreements into uncertainty. We do not think that the legislature intended such a change and find no such intent here today.

# Conclusion

Understanding that the legislature's amendments did not alter the settled law of *Pannarale* and its progeny, the trial court appropriately

found it had no discretion to modify Rodriguez's sentence because it was bound by the terms of the valid plea agreement.

The judgment of the trial court is affirmed.


Rush, C.J., and Massa, Slaughter, and Goff, JJ., concur.

ATTORNEY FOR APPELLANT
Jessica R. Merino
South Bend, Indiana

ATTORNEYS FOR APPELLEE
Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana