## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 10 2019, 8:49 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

John A. Kindley
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela N. Sanchez
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ian P.Y. Foxworthy, *Appellant-Defendant,* | December 10, 2019 |
| v. | Court of Appeals Case No. 19A-CR-1457 |
| | Appeal from the Vigo Superior Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Michael R. Rader, Judge |
| | Trial Court Cause Nos. 84D05-1708-F6-2557 84D05-1808-F5-3019 |

**Bailey, Judge.**

# Case Summary

[1] Ian P.Y. Foxworthy ("Foxworthy") challenges the sanction imposed for failing to report to Community Corrections. He contends—and the State agrees—the trial court erred by imposing a sanction not authorized by a plea agreement.

[2] We reverse and remand.

# Facts and Procedural History

[3] In June 2018, Foxworthy was sentenced in Cause No. 84D05-1708-F6-2557. The sentence—provided for in a plea agreement—was for an aggregate sentence of five years, with one year suspended and four years on home detention supervised by Community Corrections. In July 2018, the State filed a petition to revoke the placement on home detention, alleging Foxworthy failed to timely report to Community Corrections. During the pendency of this petition, the State filed a second petition to revoke and, in a separate cause, charged Foxworthy with the criminal offense of Failure to Return to Lawful Detention.

[4] Foxworthy entered a second plea agreement with the State. Under the second plea agreement, Foxworthy would plead guilty to the new offense, with that new sentence open for argument. As to the initial cause, Foxworthy would admit to a violation. Moreover, "placement on Defendant's sentence of **four (4) years** shall be argued to the Court." App. Vol. II at 70 (emphasis added).

[5] The trial court held a hearing at which Foxworthy pleaded guilty and admitted to a violation, pursuant to the second plea agreement. The trial court accepted

the plea and set the matter for sentencing.  At an ensuing sentencing hearing, the court heard argument and "revoke[d] the balance of **5 years** to be served in the Indiana Department of Correction."  *Id.* at 73 (emphasis added).

Foxworthy now appeals.

# Discussion and Decision

"Trial courts enjoy considerable discretion in deciding whether to accept or reject a proposed plea agreement."  *Rodriguez v. State*, 129 N.E.3d 789, 794 (Ind. 2019).  However, "[i]f the court accepts a plea agreement, it shall be bound by its terms," Ind. Code § 35-35-3-3(e)—*i.e.*, a court "possesses only that degree of sentencing discretion provided in the [accepted] agreement," *Rodriguez*, 129 N.E.3d at 794 (quoting *St. Clair v. State*, 901 N.E.2d 490, 493 (Ind. 2009)).

Here, the court accepted the plea made pursuant to the second plea agreement. The court was therefore bound by the terms of the agreement.  Those terms allowed for discretion in "placement on Defendant's sentence of four (4) years" in the initial cause.  App. Vol. II at 70.  However, the agreement did not permit a sanction concerning the fifth year.  Thus, the trial court erred by imposing a sanction not authorized by the plea agreement.  To remedy this error, we could reverse and remand for resentencing.  *See, e.g.*, *Jackson v. State*, 968 N.E.2d 328, 334 (Ind. Ct. App. 2012).  However, from its remarks at sentencing, it is apparent that the court wished to impose the longest-possible executed sentence upon the violation.  Tr. at 23 ("But I mean it's clear to me . . . there's no point

in putting you . . . in Community Corrections. You'll just, I mean your pattern is you . . . don't comply."). We therefore take the action that both Foxworthy and the State now request—that is, we reverse and remand with instructions to reduce the executed portion of the sentence imposed in Cause No. 84D05-1708-F6-2557 to four years, which is consistent with the terms of the second plea agreement.

[9] Reversed and remanded.

Kirsch, J., and Mathias, J., concur.