



FILED
Mar 11 2020, 12:17 pm
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Indiana Supreme Court

Supreme Court Case No. 20S-PL-102

## Kathy Salyer,
*Appellant (Plaintiff below),*

—v—

## Washington Regular Baptist Church Cemetery,
*Appellee (Defendant below),*

*and*

## Kristy Sams,
*Appellee (Intervenor below).*

---

Decided: March 11, 2020

Appeal from the Ripley Circuit Court, No. 69C01-1703-PL-9
The Honorable Ryan J. King, Judge

On Petition to Transfer from the Indiana Court of Appeals
No. 19A-PL-243

---

**Per Curiam Opinion**

Chief Justice Rush and Justices David and Slaughter concur.
Justices Massa and Goff dissent without opinion.

**Per curiam.**

We hold the plaintiff, who purchased a gravesite, only to discover three decades later that the cemetery resold the gravesite and allowed someone else to be buried there, is entitled to the relief provided by Indiana's wrongful burial statutes—correction of the wrongful burial. The plaintiff was not afforded that relief, so we reverse in part and remand.

# Facts and Procedural Background

In 1982, Kathy Salyer purchased five contiguous gravesites in the Washington Regular Baptist Church Cemetery. She paid $75 for each and received certificates of ownership stating she owns the gravesites and her heirs and assigns are entitled to use them in fee simple for burial purposes. The certificates purport to be registered in the Cemetery's record book. Salyer's intent was to use the gravesites as a family plot. And over the years, the remains of her family members have been buried in some of those gravesites.

Three decades after buying her gravesites, Salyer learned that a stranger, Lowell Johnson, was buried in her northernmost gravesite ("the Gravesite"), which Salyer intended for her mother. The Cemetery admitted it had made a mistake by inadvertently selling the Gravesite twice, first to Salyer and later for Johnson's burial. But the Cemetery refused Salyer's demand to move Johnson's remains. Salyer sued, seeking damages, attorney's fees, and an order for the Cemetery to remove Johnson's remains from the Gravesite and restore it to her. Kristy Sams, Johnson's daughter, intervened and objected to moving Johnson's remains.

After a reversal and remand in a prior appeal addressing jurisdiction, *Salyer v. Washington Regular Baptist Church Cemetery*, 63 N.E.3d 1091 (Ind. Ct. App. 2016) ("*Salyer I*"), the trial court held a bench trial. It issued a judgment concluding (1) Salyer failed to show the Cemetery committed wrongful burial; and (2) irrespective of who is responsible for any purported wrongful burial, the court was awarding Salyer a vacant gravesite just south of Salyer's southernmost gravesite, free of charge, "in

order to 'correct' this error and/or dispute[.]" App. Vol. 2 at 13. Salyer's request for damages and attorney's fees was denied.

When Salyer appealed, the Court of Appeals affirmed. Assuming without deciding that the Cemetery is responsible for reselling the Gravesite, the Court of Appeals majority held the mistake does not require moving Johnson's remains. It reasoned the trial court did not abuse its discretion in weighing the equities and "fashioning a remedy that required the Cemetery to 'correct' its mistake by giving Salyer an open, adjacent burial site at the south end" of her row of gravesites. *Salyer v. Washington Regular Baptist Church Cemetery*, 135 N.E.3d 955, 961 (Ind. Ct. App. 2019) ("*Salyer II*"). Judge Kirsch dissented. Citing the "first in time, first in right" principle, he opined that the judgment should be reversed and remanded for an order that the Cemetery correct the wrongful burial, "the corrective action imposed by our legislature." *Id.* at 962.

We grant transfer, vacating the Court of Appeals opinion. Ind. Appellate Rule 58(A).

## Discussion

Where, as here, the trial court enters findings of fact and conclusions of law on its own motion, the appellate court reviews for clear error. *Town of Fortville v. Certain Fortville Annexation Territory Landowners*, 51 N.E.3d 1195, 1198 (Ind. 2016). A finding or conclusion is clearly erroneous if the appellate court's review leaves it with the firm conviction that a mistake has been made. *Id.* And where, as here, the appellees do not submit a brief on appeal, the appellate court need not develop an argument for the appellees but instead will "reverse the trial court's judgment if the appellant's brief presents a case of prima facie error." *Front Row Motors, LLC v. Jones*, 5 N.E.3d 753, 758 (Ind. 2014). Prima facie error in this context means "at first sight, on first appearance, or on the face of it." *Id.*

Matters of statutory interpretation present pure questions of law and are reviewed de novo. *Rodriguez v. State*, 129 N.E.3d 789, 793 (Ind. 2019). When interpreting a statute, our primary goal is to determine and give

effect to the Legislature's intent, and we give effect to the plain and ordinary meaning of statutory terms. *Id.* at 796.

Indiana's wrongful burial statutes provide, in relevant part, that a cemetery owner or its agent "is not liable in any action for . . . (1) a burial . . . in the wrong lot, grave, grave space, burial space, crypt, crypt space, or niche[.]" I.C. § 23-14-59-1 ("Section 1(1)"). However, "[w]hen a wrongful burial . . . referred to in section 1(1) . . . occurs, the cemetery owner shall: (1) at the expense of the cemetery owner, correct the wrongful burial . . . as soon as practical after becoming aware of the error[.]" I.C. § 23-14-59-2 ("Section 2"). Section 2 thus "imposes a specific duty upon a cemetery to correct a wrongful burial." *Salyer I,* 63 N.E.3d at 1095.

Salyer's unopposed appellate brief makes a prima facie showing that the trial court clearly erred when concluding she failed to prove a wrongful burial. Most importantly, the court itself found that Johnson was buried in 2013 in the Gravesite, which had been sold to Salyer decades earlier in 1982. App. Vol. 2 at 11. Evidence supporting that finding includes Salyer's testimony that years after she purchased the Gravesite, she discovered Johnson had been buried there, she had not given permission for anyone to be buried there, and the Cemetery admitted it had sold the Gravesite to the Johnson family and "made a mistake." Tr. Vol. 2 at 17.

Testimony of Anita Rahe, the Cemetery's former secretary and current treasurer, corroborated Salyer's. Rahe testified she has been associated with the Cemetery between eight and ten years and is familiar with the Cemetery records. She confirmed the Cemetery first sold the Gravesite to Salyer and years later sold it to the Johnson family and Johnson is buried in Salyer's Gravesite. Asked whether she sold the Gravesite the second time, Rahe admitted she did, but she explained the sale to Salyer was not correctly recorded in the Cemetery's book. "[T]hat was a mistake," Rahe added. *Id.* at 45. She acknowledged that "it wasn't something [Salyer] or anybody on her behalf did[.]" *Id.* at 56. Rahe further acknowledged that Salyer just wants what she purchased. *Id.* at 45-47.

For its part, the trial court found confusion over the location of Salyer's gravesites flowed from the mis-setting of markers associated with her

gravesites. The court found that it "could make no definitive determination" as to who set those markers, adding that "there is no showing as to who set [those] markers and, therefore, no showing who committed said wrongdoing." App. Vol. 2 at 11-12. It also found that an old access road caused "significant burial site confusion." *Id*. Yet neither the existence of an old access road nor the inability to identify who placed the markers renders Johnson's burial in Salyer's Gravesite anything other than "wrongful" under the statute.

Finally, we agree with Judge Kirsch regarding the relief Salyer should receive. Section 2 provides that when a wrongful burial described in Section 1(1) occurs, "the cemetery owner **shall** . . . **correct the wrongful burial** . . . after becoming aware of the error[.]" I.C. § 23-14-59-2 (emphasis added). A dictionary published a few years after Section 2 was enacted in 1997 defines the verb "correct" to include "to make right or set right[;] to alter or adjust so as to bring to some standard or required condition." Merriam-Webster's Collegiate Dictionary 259 (10th ed. 2000). Thus, Section 2 requires that a wrongful burial be made right or set right, altered so as to bring it to some required condition. The condition required by our statutes is one in which the burial is no longer "in the wrong lot, grave, grave space, burial space," etc., I.C. § 23-14-59-1(1). The statutory language cited above does not contemplate a court's weighing of equities to fashion an alternative form of relief.

## Conclusion

The trial court and the Court of Appeals recognized Salyer is entitled to relief. But we agree with Salyer that she is entitled to "correct[ion of] the wrongful burial." I.C. § 23-14-59-2. Accordingly, while we affirm the denial of damages and attorney's fees, we reverse in part and remand for the trial court to order the Cemetery to correct the wrongful burial by removing Johnson's remains from the Gravesite and restoring it for Salyer's use.

Rush, C.J., and David and Slaughter, JJ., concur.
Massa and Goff, JJ., dissent without opinion.


ATTORNEY FOR APPELLANT
Leanna Weissmann
Lawrenceburg, Indiana