



**FILED**
Mar 30 2020, 11:51 am
**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

I N   T H E

# Indiana Supreme Court

Supreme Court Case No. 19S-PL-432

## Cathy Jo Robertson,
*Appellant/Defendant,*

—v—

## State of Indiana,
*Appellee/Plaintiff.*

Argued: September 5, 2019 | Decided: March 30, 2020

Appeal from the Jennings Superior Court
No. 40D01-1705-PL-67
The Honorable Roger Duvall, Special Judge

On Petition to Transfer from the Indiana Court of Appeals
No. 18A-PL-1002

**Opinion by Justice David**

Chief Justice Rush and Justices Massa and Goff concur.
Justice Slaughter concurs in the judgment with separate opinion.

**David, Justice.**

In this case, the Office of the Indiana Attorney General brought two claims against a county bookkeeper for misappropriation of public funds and, under a third claim, sought additional relief under the Crime Victims Relief Act. At issue is what the applicable statutes of limitations are for these claims. We hold that as for the claims to recover public funds pursuant to Indiana Code Section 5-11-5-1(a), the limitations period begins to run only after the Office of the Indiana Attorney General receives a final, verified report from the State Board of Accounts. We further hold that claims pursuant to the Crime Victims Relief Act are governed by the discovery rule. We therefore affirm the trial court's denial of the motion to dismiss Counts I and II, reverse the trial court's denial of the motion to dismiss Count III as to the Crime Victims Relief Act claim and remand for further proceedings consistent with this opinion.

## Facts and Procedural History

Cathy Jo Robertson was a bookkeeper for the Clerk of the Jennings Circuit Court from January 1, 2009 to April 8, 2011. In 2014, the State Board of Accounts (SBOA) conducted a special investigation of the Clerk's records for the time period Robertson served as bookkeeper. It concluded that over $61,000 in cash collections was misappropriated in a "checks substituted for cash" scheme during that time period. It further concluded that these substitutions did not occur on days that Robertson was off from work.

In December of 2014, SBOA discussed its report with Robertson and asked her to return the money to Jennings County. On December 11, 2014, it also sent a letter to county officials including its investigation report. The letter indicated that a copy of the report was also being sent to the local prosecuting attorney and the Office of the Indiana Attorney General (OAG). It also indicated that the official response to the report had not been examined or verified for accuracy.

The results of the investigation were discussed with Jennings County officials in February 2015. On January 21, 2016, more than one year after

the refunds were requested, the SBOA special investigation report ("Audit Report") was verified and, on January 22, 2016, the Audit Report was formally published and made public.

On May 5, 2017, the OAG filed a complaint to recover public funds against Robertson pursuant to Indiana Code section 5-11-5-1(a).  In that complaint, the OAG attached a copy of the SBOA's published verified report as an exhibit and alleged that Robertson misappropriated public funds.  It sought to recover those public funds (Counts I and II) and also sought treble damages pursuant to the Crime Victim Relief Act (CVRA) (Count III).

Thereafter, Robertson filed a motion to dismiss the OAG's complaint pursuant to Indiana Trial Rule 12(B)(6).  In her motion to dismiss, Robertson asserted that the OAG's complaint was subject to a two-year statute of limitations and that the OAG had not timely filed its complaint.

Following a hearing, the trial court determined that the plain language of Indiana Code Section 5-11-5-1 provided that "the statute of limitations during which the Office of the Indiana Attorney General could institute an action for the recovery of monies commenced on January 22, 2016," when the SBOA placed its verified report with the OAG. (Appellant's App. Vol. II at 14.)  Since the complaint was filed within two years of that date, the trial court denied Robertson's motion to dismiss.

The Court of Appeals granted Robertson's motion for interlocutory appeal and affirmed the trial court.  *Robertson v. State ex rel. Hill*, 121 N.E.3d 588 (Ind. Ct. App. 2019), *vacated*.  Robertson sought transfer which we granted.  Ind. Appellate Rule 58(A).  For reasons discussed herein, we affirm in part, reverse in part and remand for further proceedings.

## Standard of Review

Indiana Trial Rule 12(B)(6) allows a motion to dismiss based on failure to state a claim upon which relief can be granted.  When ruling on such a motion, the court must "view the pleadings in the light most favorable to the nonmoving party, with every reasonable inference construed in the

non-movant's favor." *Thornton v. State*, 43 N.E.3d 585, 587 (Ind. 2015) (citation omitted). Because such a motion challenges only the legal sufficiency of the complaint, it presents a legal question that is reviewed *de novo* on appeal. *Ward v. Carter*, 90 N.E.3d 660, 662 (Ind. 2018).

Further, "matters of statutory interpretation present pure questions of law; as such, these questions are reviewed *de novo*." *Rodriguez v. State*, 129 N.E.3d 789, 793 (Ind. 2019).

# Discussion and Decision

## I.  Pursuant to Indiana Code Section 5-11-15-1(a), the claim accrues when the OAG gets the final, verified report.

The first issue is when the statute of limitations began to run as to the State's misappropriation of public funds claims against Robertson (Counts I and II).[1]  Robertson argues that the limitations period began to run, at the latest, on December 11, 2014 when the SBOA provided the OAG with a copy of its preliminary report. The OAG argues that the limitations period began only after it filed its final, verified report on January 22, 2016.

"Under Indiana's discovery rule, a cause of action accrues, and the limitations period begins to run, when a claimant knows or in the exercise of ordinary diligence should have known of the injury." *Cooper Indus., LLC v. City of S. Bend*, 899 N.E.2d 1274, 1280 (Ind. 2009) (citation omitted). "[I]t is not necessary under this rule that the full extent of the damage be

---

[1] As our Court of Appeals noted, it seems that for purposes of this appeal, the parties have agreed that the OAG's claims are subject to a two-year statute of limitations. *See* Ind. Code § 34-11-2-4 (providing a two-year limitation for actions for injury to personal property.) However, previously, the OAG argued that its claims were subject to a five- or six- year statute of limitations pursuant to Indiana Code section 34-11-2-6 which provides those limitation periods for an action against a public officer.  We think the five- or six- year limitations period may apply here but decline to decide the matter as it has not been fully briefed by the parties and neither party objects to using a two-year limitations period now.

known or even ascertainable, but only that some ascertainable damage has occurred." *Id.* However, our discovery rule does not apply where our Legislature intends that another rule should apply. *See Carrow v. Streeter*, 410 N.E.2d 1369, 1373 (Ind. Ct. App. 1980) (noting Indiana courts have expressly rejected the so-called "discovery rule" when it is found to be against "legislative intent"); *Toth v. Lenk*, 164 Ind. App. 618, 621, 330 N.E.2d 336, 338 (1975) ("[T]he legislature did not intend actual discovery to be the event that triggers the commencement of the statutory period").

The operative statute provides that with regard to a preliminary report, "the state examiner may provide a copy of the report to the attorney general. The attorney general may institute and prosecute civil proceedings against the delinquent officer or employee. . ." Ind. Code § 5-11-5-1(e). With regard to a final verified report, the statute provides that once filed: "[t]he attorney general shall diligently institute and prosecute civil proceedings." Ind. Code § 5-11-5-1(a).

Here, the OAG filed its complaint pursuant to Indiana Code section 5-11-5-1(a). Given the permissive language about the preliminary report ("may") and the mandatory language about the final, verified report ("shall"), we agree with our trial court and Court of Appeals colleagues that our Legislature did not intend that the discovery rule apply to claims brought pursuant to Indiana Code section 5-11-5-1(a). That is, the plain language of the statute does not require the OAG to take any action until it receives a verified final report. Therefore, the statute controls instead of the default discovery rule for when claims under this statute must be brought. To hold otherwise would require us to rewrite the statute such that the permissive "may" would become a "shall" with regard to the OAG instituting legal action after receiving a preliminary report. We will not do this. *See Ind. Alcohol & Tobacco Comm'n v. Spirited Sales, LLC*, 79 N.E.3d 371, 376 (Ind. 2017) (citation omitted) ("We may not add new words to a statute which are not the expressed intent of the legislature.").

Further, there are good reasons for the OAG to wait to institute legal proceedings until receiving the final report. For instance, if the OAG is forced to act on the preliminary report which is subject to change and unverified, it puts the OAG in the position of relying on unverified and

incomplete information, hindering ongoing investigation, and creating premature, potentially unnecessary litigation.

Should there be a very egregious case of misappropriation of public funds that requires immediate action, the OAG can file upon receipt of the preliminary report pursuant to Indiana Code section 5-11-5-1(e). In that case, the limitations period would begin to run when the OAG receives the preliminary report. Otherwise, waiting for a final, verified report allows for judicial efficiency and fairness to the accused as well—the OAG won't be forced to bring litigation against a party unless the investigation is complete.

Finally, to the extent Robertson and amicus are concerned that waiting for a final report before the limitations period begins to run will result in indefinite tolling of the statute of limitations because the SBOA can deliberately drag out the process, this concern is highly speculative. As our Court of Appeals aptly noted, our Legislature chose not to impose a time limit for conducting investigations and recognized that some investigations will necessarily take longer than others depending on the circumstances. It is not for the Court to set a deadline when one is not prescribed by the applicable statute.

In light of the above, we hold the statute of limitations for the OAG's complaint to recover public funds pursuant to Indiana Code section 5-11-5-1(a) does not begin until the OAG receives from SBOA the final, verified report. In this case the OAG received the final, verified report on January 22, 2016. It filed its complaint on May 5, 2017, less than two years later. Accordingly, we affirm the trial court's denial of Robertson's motion to dismiss Counts I and II.

## II. The CVRA claim is untimely.

Robertson also argues that with regard to the CVRA claim (Count III) against her, the discovery rule applies. Further, she argues that the Court of Appeals opinion is in conflict with *Mizen v. State ex rel. Zoeller*, 72 N.E.3d 458 (Ind. Ct. App. 2017). In *Mizen*, our Court of Appeals addressed a similar case arising from a SBOA audit and a statute of

limitations defense. In that case, the county official accused of misappropriating funds argued that the CVRA claim against him was not timely filed. *Id*. at 464. While *Mizen* does not squarely address the issue here, it applies the discovery rule to the CVRA claim there citing prior case law that establishes: "[a]ctions under the [CVRA] are subject to the discovery rule, under which a cause of action accrues, and the statute of limitations begins to run, when the plaintiff knew or, in the exercise of ordinary diligence, could have discovered that an injury had been sustained as a result of the tortious act of another." *Id*. at 466 (*quoting Prime Mortg. USA v. Nichols*, 885 N.E.2d 628, 639-40 (Ind. Ct. App. 2008)). It is long settled that "because the substance of a claim under [the CVRA] is punitive rather than compensatory, such claims are subject to a two-year statute of limitations." *Id*. (*quoting Prime Mortg. USA*, 885 N.E.2d at 638.)

While our trial court and Court of Appeals colleagues applied the statute of limitations pursuant to Indiana Code section 5-11-15-1 to all three counts, a different statute—Indiana Code section 34-24-3-1—governs with regard to the CVRA claim. This statute does not provide a limitations period, and thus, the default discovery rule applies as there is no legislative intent to the contrary and our case law, discussed above, is clear that the two-year limitations period applies to these claims. Accordingly, we find that while the OAG may proceed with its first two Counts against Robertson, the CVRA claim is untimely. The OAG knew or should have known of its injury by December 11, 2014, when the SBOA provided the OAG with a copy of its preliminary report and the complaint was not filed until May of 2017, more than two years later.

## Conclusion

We affirm the trial court's denial of Robertson's motion to dismiss Counts I and II, reverse the trial court's denial of Robertson's motion to dismiss Count III and remand for further proceedings consistent with this opinion.

Rush, C.J., and Massa and Goff, JJ., concur.

Slaughter, J., concurs in the judgment with separate opinion.

ATTORNEYS FOR APPELLANT

Ann C. Coriden
Coriden Glover LLC
Columbus, Indiana

ATTORNEYS FOR AMICUS CURIAE,
LIBERTY MUTUAL INSURANCE

Kevin D. Koons
Jennifer L. Watt
Kroger, Gardis & Regas, LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Frances Barrow
Deputy Attorney General
Indianapolis, Indiana

**Slaughter, J., concurring in the judgment.**

I agree with much of the Court's opinion. As to Part I, I agree that the State's claims for misappropriated public funds are timely and may proceed. As to Part II, I agree that the State's claim for treble damages under the Crime Victims Relief Act is time-barred and cannot proceed. I write separately to address two related issues. The first concerns the procedural posture of this case—specifically, the Court's tacit approval of using Trial Rule 12(B)(6) to decide the merits of an affirmative defense, contrary to our recent case law. The second concerns how to apply this case law here.

A

I begin with the procedural posture. This case arises from Robertson's 12(B)(6) motion seeking dismissal based on her affirmative defense that the State's claims are untimely under the applicable two-year statute of limitations. We held unanimously in *Bellwether Properties, LLC v. Duke Energy Indiana, Inc.*, 87 N.E.3d 462 (Ind. 2017), that dismissal under Trial Rule 12(B)(6) is "rarely appropriate when the asserted ground for dismissal is an affirmative defense." *Id*. at 464. The reason, we explained, is that a 12(B)(6) motion merely tests the legal sufficiency of the complaint. *Id.* at 466. "A complaint states a claim on which relief can be granted when it recounts sufficient facts that, if proved, would entitle the plaintiff to obtain relief from the defendant." *Id*. As we held, "[a] complaint that survives that limited scrutiny states a claim for relief, even if there may lurk on the horizon an unassailable defense." *Id*. at 464.

The Court does not mention *Bellwether* or the legal principle we announced there. This omission risks leaving the reader with the misconception that a 12(B)(6) motion is the proper procedural vehicle for defeating an untimely claim. Most of the time, it is not. A notable exception applies where the plaintiff's complaint shows on its face that the claim is untimely—i.e., the complaint alleges facts establishing that the claim was brought outside the limitations period. As we recounted in *Bellwether*, "[o]nly where a plaintiff has pleaded itself out of court by alleging, and thus admitting, the essential elements of a defense does its complaint fail to state a claim on which relief can be granted." *Id*.

Here, the complaint and attached documents identify three dates relevant to the statute-of-limitations analysis:

- the date the attorney general received the state examiner's preliminary report;
- the date the attorney received the final, verified report; and
- the date the attorney general filed suit.

These three dates provide all the information necessary for determining if the State brought its misappropriation and treble-damages claims outside the limitations period. Thus, *Bellwether*'s narrow exception applies here, allowing us to decide the merits of Robertson's affirmative defense.

B

Having determined that Robertson's 12(B)(6) dismissal motion is a proper vehicle for resolving her statute-of-limitations defense, I address whether the State's misappropriation and treble-damages claims are timely.

If a state-board-of-accounts examination uncovers misappropriation of public funds, then Section 5-11-5-1 empowers the attorney general to sue to recover those funds. Under the statute, the attorney general has two separate causes of action for recouping misappropriated money—one under Subsection 5-11-5-1(a) and one under Subsection 5-11-5-1(e). Under Subsection 1(a), the cause of action accrues when the attorney general receives a final verified report from the state examiner. Here, the attorney general sued Robertson under Subsection 1(a) after receiving the state examiner's final report. According to the complaint, the attorney general received the state examiner's final report in January 2016. He then filed suit in May 2017, well within the two-year statute of limitations. Thus, the face of the State's complaint shows that its Subsection 1(a) claims are timely, as the Court rightly holds.

Next, I apply *Bellwether*'s exception to the State's treble-damages claim. The basis of the State's claim is that it sustained injury when Robertson perpetrated her checks-for-cash scheme. Not only does the complaint allege when and how this scheme occurred, but also it alleges that the State learned of the underlying facts in December 2014 when the attorney

general received the preliminary report. Because the State did not sue until May 2017, outside the two-year limitations period, its claim is untimely.

For these reasons, I concur in the Court's judgment but do not join its opinion.